## MARY SAEGER

*v.*

## WILLIAM BODE *et al.*

*Opinion filed October 19, 1899.*

1. WILLS—*when devise is subject to construction under section 13 of the Conveyance act.* A devise without words of inheritance, although sufficient, under section 13 of the Conveyance act, (Rev. Stat. 1874, p. 275,) to invest the devisee with an absolute estate in fee, is subject to construction in connection with another clause which may reduce her interest to a life estate.

2. SAME—*remainder may be limited on life estate with power of disposal.* A remainder may be limited after the termination of a life estate given to the first taker with power to sell and convey the fee.

3. SAME—*a general clause must give way to a specific one.* A general clause in a will giving all the testator's estate to his wife is limited and restricted by a specific clause immediately following it, which describes the homestead farm.

4. SAME—*when subsequent clause will not reduce devise of fee to a life estate.* After a devise of the testator's homestead farm in fee to his wife without words of inheritance, a subsequent clause expressing a desire that his daughter have all his estate not disposed of in the above bequest at the death of the wife contemplates such portion of the estate as the testator did not dispose of, and is insufficient to reduce the grant to the widow to a life estate.

WRIT OF ERROR to the Circuit Court of Monroe county; the Hon. WILLIAM HARTZELL, Judge, presiding.

This is a bill, filed by the defendants in error, William Bode and Frederick Jobusch, on August 24, 1898, for the partition of 60.04 acres of land in Monroe county, alleging that the complainants are owners of an undivided one-third part of the land, and making defendants thereto the plaintiff in error, Mary Saeger, and her brother, William Saeger, as the owners of the other undivided two-thirds thereof, and, also, making defendants thereto certain of the defendants in error, holders of mortgages upon the whole of the premises, and upon the undivided one-third thereof alleged to be owned by the plaintiff in error, Mary Saeger. The plaintiff in error, Mary Saeger,

one of the defendants to the bill in the court below, filed a general and special demurrer to the bill after the same had been amended. The demurrer was overruled, and the plaintiff in error elected to stand by her demurrer. And, thereupon, the cause came on for hearing, and the court rendered a decree, finding that the defendants in error, Bode and Jobusch, complainants below, were entitled in fee to an undivided one-third of the premises; that the defendant in error, William Saeger, and the plaintiff in error, Mary Saeger, were each entitled in fee to an undivided one-third interest thereof as heirs of their mother, Charlotte Saeger. Commissioners were appointed, who made their report, and a decree of sale of the premises was entered.

The present writ of error is sued out from this court for the purpose of reviewing the decree so entered by the circuit court.

The bill alleges that one Moritz Saeger died testate on July 25, 1873, owning the premises described in the bill. His will, dated July 16, 1873, is attached as an exhibit to the bill and made a part thereof. In his lifetime, and on January 21, 1871, Moritz Saeger and his wife, Charlotte Saeger, executed a mortgage upon the whole of the premises to one Welsch, which mortgage, by assignment, afterwards became the property of the defendant in error, Mina Hoffman, and she and her husband, Jacob Hoffman, were made defendants. The plaintiff in error, Mary Saeger, claiming to be the owner of an undivided one-third interest in the premises, executed a mortgage upon such interest to one Louis Fauss, Jr., who was made a defendant below, and is one of the defendants in error here.

The bill further alleges that Moritz Saeger, by the ninth clause of his will, gave his wife Charlotte Saeger all his estate, both real and personal, and that said Charlotte Saeger, his wife and devisee, died intestate on February 29, 1896, seized in fee of the land described in the

bill, and left, as her children and only heirs-at-law, Christian Muether, William Saeger, and Mary Saeger; and that her children, at her death, became seized in fee in equal shares as tenants in common of the premises in question, subject to the mortgage given by Moritz Saeger, and owned by the defendant in error, Mina Hoffman.

The bill further alleges that Bode and Jobusch, constituting the firm of Bode & Jobusch, obtained a judgment against Christian Muether, levied upon his one-third interest in the premises, and that on May 15, 1897, said one-third interest was sold at public sale by the sheriff to the said Bode & Jobusch; and that, on August 17, 1898, the sheriff executed a sheriff's deed to Bode & Jobusch, conveying the undivided one-third part of said premises, alleged to have been inherited by Christian Muether from his mother, Charlotte Saeger.

Moritz or Maurice Saeger provides in the first clause of his will, that all his just debts shall be paid; in the second, third, fourth, fifth, sixth and seventh clauses thereof, he gives the sum of five dollars to each of certain of his sons and daughters; by the eighth clause, he gives to his daughter, the plaintiff in error, Mary Saeger, the sum of five dollars; and the ninth and tenth clauses of said will, over which the present controversy arises, are as follows:

"*Ninth*—I devise, give, and bequeath to my wife, Charlotte Saeger, all my estate, both real and personal, of all kind and description whatsoever as her sole property forever, and known and described as my homestead farm, where I now reside, and situate in Monroe county and State of Illinois.

"*Tenth*—My desire is that my daughter, Mary Saeger, have all the estate, not disposed of in the above bequeath, at the death of my wife, Charlotte Saeger."

The will named no person as executor thereof.

The special demurrer to the bill charges, that there is a variance between the bill and the will of Moritz Saeger set out as an exhibit thereto.

The special ground of demurrer is stated in the following words, to-wit: "The bill alleges that the lands therein described belong to the three heirs of the mother, whereas the will shows that all the property not disposed of at the mother's death is to go and belong to this defendant, Mary Saeger, and no other parties have any interest in the land whatever except the mortgagees."

E. P. SLATE, (A. C. BOLLINGER, of counsel,) for plaintiff in error.

JOSEPH W. RICKERT, for defendants in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The material question in this case arises out of the construction to be given to the ninth and tenth clauses of the will of Moritz Saeger, deceased, and is whether his widow, Charlotte Saeger, took a fee simple title to the premises described in the bill, or whether her interest in said premises under the will was merely a life estate with power of disposition during her life. Though the bill is inartistically drawn and somewhat indefinite in its terms, we infer from its allegations, that the land described therein is the same land, as that referred to in the ninth clause of the will as the homestead farm.

The contention of the plaintiff in error is that the testator, Moritz Saeger, intended by his will to give his widow, Charlotte Saeger, the right to dispose of all the testator's property during her lifetime, if she deemed it necessary and proper to do so, but that he further intended, that whatever part of the property willed to her should remain at her death should go to his daughter, Mary Saeger. This construction of the will assumes, that the words, "not disposed of," in the tenth clause of the will refer to a disposition to be made by the widow, Charlotte Saeger, and, under this view, that, if any of

the property mentioned in the ninth clause should remain undisposed of by Charlotte Saeger at her death, it should go to the daughter, Mary Saeger. If this construction of the will were a correct one, it would follow that Charlotte Saeger took a life estate only with power to dispose of the property during her life; and Mary Saeger took the remainder, subject to the life estate of her mother, and subject to the power of disposition in her mother.

It will be noticed, that the gift, which was granted to Charlotte Saeger, as contained in the ninth clause of the will, does not make use of the word "heir," or of other words of inheritance. Therefore, under section 13 of the Conveyance act, the ninth clause of the will, although sufficient to invest the widow with an absolute estate in fee, would be subject to construction in connection with the tenth clause of the will. If the tenth clause of the will shows an intention to give the widow merely a life estate, she would be held to have taken such an estate, notwithstanding the words in the ninth clause, standing by themselves, may have invested her with an absolute estate in fee. (*Giles* v. *Anslow*, 128 Ill. 187). Where a life estate is given to the first taker with power of selling and conveying the fee, the remainder may be limited after the termination of the life estate. (*Kaufman* v. *Breckinridge*, 117 Ill. 305). In such case, the doctrine, that, where there is a devise of an unlimited power of disposition of an estate in such manner as the devisee may think fit, a limitation over is inoperative and void by reason of its repugnance to the principal devise, has no application. As is said by Chancellor Kent, (4 Kent's Com.—8th ed.—p. 603, marg. 526): "If an estate be given to a person, generally or indefinitely, with a power of disposition, it carries a fee, unless the testator gives to the first taker the estate for life only, and annexes to it a power of disposition of the reversion. In that case, the express limitation for life will control the operation of the power, and prevent it from enlarging the estate

to a fee." (*Hamlin* v. *United States Express Co.* 107 Ill. 443; *In re Estate of Cashman,* 134 id. 88; *Henderson* v. *Blackburn,* 104 id. 227; *Skinner* v. *McDowell,* 169 id. 365; *Mann* v. *Martin,* 172 id. 18).

It has been held, that, in such cases, the use in the will of such words as these, "in case anything be left after her death," implies a power of disposition by the widow of the whole property devised; (*Henderson* v. *Blackburn, supra; In re Estate of Cashman, supra; Skinner* v. *McDowell, supra*); and we are inclined to think that a similar construction would be given to the words, "not disposed of," in the will of Moritz Saeger, if those words referred to a disposition by the widow, Charlotte Saeger. The more natural construction of the words in question, however, is, that they refer to the disposition of the property by the testator himself. The tenth clause of the will is as follows: "My desire is that my daughter, Mary Saeger, have all of the property, not disposed of in the above bequeath, at the death of my said wife, Charlotte Saeger." If the words, "in the above bequeath," qualified the verb, "have," and not the words, "not disposed of," the contention of the plaintiff in error would commend itself as having much force. Under that construction, the tenth clause would read: "My desire is that my daughter, Mary Saeger, have all the estate in the above bequeath not disposed of at the death of my said wife." But this construction involves the arbitrary transposition of the words in the clause. The words, "in the above bequeath," qualify the words, "not disposed of," and refer to the previous clauses of the will, including the ninth clause. The disposition made in the previous clauses was made by the testator himself. His intention, as expressed in the tenth clause, would seem to have been to give to his daughter whatever estate he had not already disposed of in the previous clauses of his will. This view receives confirmation from the peculiar phraseology used in the ninth clause.

By the ninth clause the testator devises, gives, and bequeaths to his wife "all my estate, both real and personal, of all kind and description whatsoever as her sole property forever." If the ninth clause had stopped with the word "forever," there would undoubtedly have been given to the widow all the property of the testator, but the ninth clause, after the word "forever," adds the following words: "and known and described as my homestead farm, where I now reside, and situate in Monroe county and State of Illinois." The latter words evidently limit the general devise of the estate, real and personal, to the homestead farm, where the testator then resided. His intention evidently was to give to his widow his homestead farm, together with such personal property as was located thereon. The general clause, giving all the estate to the wife, is limited and restricted by the specific clause describing the homestead farm. It is a familiar rule in the construction of wills, that general provisions must give way to specific provisions. (*Dickison* v. *Dickison*, 138 Ill. 541).

Inasmuch, therefore, as the testator in the ninth clause only gave to his wife his homestead farm and not all of his estate, the tenth clause is equally susceptible of the construction that he intended only to give to his daughter, Mary, such part of his estate as he had not already disposed of in the ninth clause and the other clauses preceding it. It is true that the daughter was only to have at the death of her mother such portion of the estate as the testator had not disposed of, and it may be uncertain where the title of the estate undisposed of was between the time of the testator's death and the death of his wife. The will leaves it a matter of question, whether, if there was any such undisposed of estate, it descended as intestate estate, subject to the use thereof by the widow during her life, or was otherwise disposed of. But this question does not arise here. The question, raised by the demurrer to the bill, simply involves the title to the

property described in the bill, which, as we understand its allegations and the arguments of counsel, is the same as the homestead farm mentioned in the ninth clause.

It is clear, that, as to the homestead farm, the testator devised the fee thereof to his wife, and there is nothing, in view of what has been said, in the tenth clause, which, by construction, reduces the fee, so granted, to a life estate. We are, therefore, of the opinion that the circuit court decided correctly in holding that Charlotte Saeger was the owner of the premises in question at the time of her death, and that the title thereto descended to her three children.

Accordingly, the decree of the circuit court is affirmed.

*Decree affirmed.*