## Herschel V. Teel, executor, etc., v. W. H. H. Mills and Neosha Mills.

1. APPEAL—*right of executor to.* The fact that an executor may personally have reason to be aggrieved by a decree entered by a court of probate does not deprive him of the right to appeal therefrom in his official capacity.

2. JURISDICTION—*when court of probate has not.* While a court of probate has, with respect to estates within its jurisdiction, incidental chancery powers, it has not general chancery jurisdiction, and it cannot set aside an agreement made between the heirs for the purpose of preventing a will contest, upon the ground that it was obtained by improper means.

3. ADMINISTRATION OF ESTATES—*how affected by collateral agreements among heirs.* The court of probate has no power to determine the validity of collateral agreements between legatees or devisees, executed subsequent to the death of the ancestor, and to adjust the equities arising therefrom; its sole province is to see that the will of the testator is executed in the manner therein provided.

4. LIFE ESTATE—*construction of particular clause of will creating.* A clause contained in a will as follows : " All my personal estate and personal property, after paying debts, costs of administration and executing this will, legacies and bequests, I give and bequeath and the free and liberal use thereof, to my said wife, Elizabeth Teel, for and during her natural lifetime, and whatever may remain thereof at her decease I hereby give and bequeath to my aforesaid children in equal parts and proportions, share and share alike," construed to vest in Elizabeth Teel a right to receive the fund mentioned in said clause from the

executors and to handle and control the same during her lifetime, with full power of disposition at her discretion.

Contest upon account of executor.   Appeal from the Circuit Court of Schuyler County; the Hon. THOMAS N. MEHAN, Judge, presiding. Heard in this court at the May term, 1904.   Reversed and remanded. Opinion filed November 18, 1904.

GLASS & BATTENBERG, for appellant; C. J. SCOFIELD, of counsel.

L. A. JARMAN, for appellees.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an appeal by Herschel V. Teel, executor, from an order of the Circuit Court of Schuyler county sustaining exceptions to his annual report as one of the executors of the last will and testament of James A. Teel, deceased, whose estate is being administered in the Circuit Court for the reason that said executor is judge of the County Court of said county. A number of exceptions were filed to such report by Neosha Mills, one of the children and devisees of the said James A. Teel, and by W. H. H. Mills, co-executor with said Herschel Teel. The only one we deem it necessary to consider is that which relates to a credit of $10,550 for money of the estate paid by Herschel Teel, as executor, to Elizabeth Teel, widow of said testator, and by her paid to appellant by virtue of the agreement hereinafter set forth. The grounds of exception urged are that the said item is not a proper charge against the estate and that the amount involved and for which said executor seeks to take credit was unlawfully and illegally taken by the said executor and appropriated to his own use. It is also sought by said exception to have the agreement referred to set aside by the court.

The material facts involved are substantially as follows: James A. Teel, a resident of Schuyler county, died on October 22, 1902, leaving an estate consisting of real and personal property. By his will, executed February 13, 1902,

he devised to his wife, Elizabeth Teel, an interest in all his
real estate equivalent to dower under the statute, and the
use of his homestead for her lifetime.    Subject thereto, he
devised his real estate to his children, Herschel Teel, Mar-
shall Teel, Walter Teel and Neosha Mills; giving to Herschel
real estate of the value of about $12,890 and a legacy of
$125, and charging him, as advancements, with various sums
aggregating $1,575.    He also devised to him the homestead
after the death of Elizabeth Teel.    He gave to Marshall
Teel real estate of the value of about $20,000 and $3,800 in
personal property; to Walter Teel he gave real estate of
the value of about $23,000, and to Neosha Mills a life estate
in realty of the value of about $31,000.    In the ninth clause
of the will the testator recites that he has used his best
endeavor, in valuing his real estate, to make the division
and distribution thereof equal among his children, and that
he feels that he has succeeded therein so far as it was prac-
ticable to do so.

The only provision of the will relating to personal prop-
erty, other than the bequests above mentioned, is the
eighth clause, under which the controversy involved in
this case arises, and which is as follows:

"All my personal estate and personal property, after
paying debts, costs of administration and executing this
will, legacies and bequests, I give and bequeath and the
free and liberal use thereof, to my said wife, Elizabeth
Teel, for and during her natural lifetime, and whatever
may remain thereof at her decease I hereby give and be-
queath to my aforesaid children in equal parts and pro-
portions, share and share alike."

On November 17, 1902, after the death of James A. Teel,
his widow and children entered into an agreement in writ-
ing which recites the making of the will, the division of
the real estate among his children, the fact that he by the
terms of the will intended to divide the real estate equally
between them, and that it was agreed between the children
that the share of Herschel is not equal to the amount given
to the others by the sum of $12,000.    The agreement then
provides that in consideration of the premises and for the

further consideration that all the children agree to abide
by the terms of the will and to take no action to contest
the same, Elizabeth Teel, the widow, be authorized to pay
Herschel the sum of $12,000 out of the personal estate held
by her under said will, and in which all of the children
have a contingent interest, for the purpose of making the
share of Herschel in the real estate equal to that of the
other children. The agreement further authorizes said
Elizabeth Teel to distribute among the said four children,
out of the personal estate, as soon as the same shall come to
her hands under and by virtue of the said will, the sum
of $1,000 each, and that she, in consideration of the fore-
going settlement between the said children of all matters
in controversy in respect to the said estate, shall exact from
each of the children and that they shall each pay to her an
equal amount as dower in case she should choose to exact it.

The evidence shows that Herschel was displeased with
the will, having claimed that his father was mentally in-
competent to make the same, and had threatened to insti-
tute proceedings to set it aside, and that the agreement in
question was entered into in view of this fact. There is some
slight evidence tending to prove that Neosha Mills was not
aware of the contents of the agreement at the time she
executed the same. We are of opinion, however, that the
trial court was warranted in finding the contrary to be the
fact.

The will was admitted to probate December 2, 1902, and
letters testamentary thereon were issued on January 7, 1903.
On December 16, 1902, the executors paid to each of the
four children, under the terms of the agreement, the sum
of $1,000, and credit themselves therewith in their annual
report. No exceptions were interposed to these items.
The payment to Herschel contemplated by the agreement
was made January 15, 1903, in the following manner: The
advancements to him, aggregating $1,575, less the $125
legacy, were deducted from the $12,000 provided by said
agreement to be paid to him; the balance, being the sum
of $10,550, was paid to him by a check for $5,310.60 drawn

by the executors and made payable to Elizabeth Teel. This check was endorsed by her and delivered to Herschel. The residue of the amount was paid from the proceeds of sale of the personal property. Elizabeth Teel then receipted for the money, and Herschel credited himself with the same as a payment by Elizabeth Teel to him in accordance with the agreement. A hearing was had upon the exceptions and the court found that the exception should be sustained; that the sum of $10,550 was wrongfully taken by the executors from the funds of said estate; that that part of the agreement authorizing Elizabeth Teel to pay $12,000 to Herschel was void, and ordered that Herschel refund to the estate said sum; that the agreement with reference to the payment of the sum of $12,000 to him be set aside and declared null and void, and that said report be approved in all other respects. Herschel Teel appeals from said order to this court.

It is urged that the appeal should be dismissed for the reason that it was prayed for and perfected by appellant in his capacity as executor; that if he is aggrieved it is as an individual only. The contention is without merit. The subject-matter under consideration is the report of appellant as executor, and while he may have reason to feel aggrieved individually, he is not thereby deprived of the right to appeal in his official capacity.

We are of opinion that the order of the trial court, in so far as it seeks to set aside the agreement in question and declares the same to be null and void, was erroneous. The validity of the agreement is in no way involved in the administration of the estate or the execution of the terms of the will, and is clearly foreign thereto. While it is true that a probate court, in the adjudication of matters pertaining to the settlement of estates, is clothed, to a certain extent, with equitable powers, it possesses no general chancery jurisdiction. The trial court was therefore clearly without jurisdiction to set aside the agreement. If it be true that the execution of the same was procured by undue means or misrepresentation, or that it is oppressive, or for any reason invalid, relief must be sought in another forum.

The exception to the report, so far as it relates to the sum of $10,550 paid to the executor, and with which he seeks to be credited, was properly sustained. While the payment was made in a somewhat circuitous manner, we think it may fairly be treated as a payment by the executors to Elizabeth Teel, and by her, in turn, to Herschel Teel individually. Counsel for appellant contend that inasmuch as the money was properly paid to Elizabeth under the will, the question whether or not she has applied the same to a purpose not authorized by the will, is one which must be raised and determined in another form of proceeding; that under the eighth clause of the will, above quoted, Elizabeth Teel had a right to receive the fund from the executors and to handle and control the same during her lifetime, with full power of disposition, at her discretion.

We are satisfied that such contention is warranted by law. The proper construction to be placed upon the language of the eighth clause of the will is that Elizabeth Teel became entitled thereunder to a life estate in the personal property remaining after the payment of the costs, debts and legacies, with remainder over to her children upon her decease, and that in the absence of any provision that it should remain in the hands of the executors, or any restriction whatever as to her possession, she became entitled further to the full possession, control and management of the same during her natural life, with full power to dispose of such of the principal as her necessities might require or her judgment dictate. We believe this construction to be sustained by the following authorities: Walker v. Pritchard, 121 Ill. 221; *In re* estate of Cashman, 134 Ill. 88; Skinner v. McDowell, 169 Ill. 365; Saeger v. Bode, 181 Ill. 514.

It was therefore the duty of the executors, after the will was otherwise executed, to turn over to Elizabeth Teel the residue of the personal estate, and had the fund, or the property from which it was in part derived, been turned over to Elizabeth as life tenant under the will, and the item of credit so stated in terms, and had she receipted to the

executors therefor as such life tenant, the item might properly have been approved and allowed by the court.

The item of credit, as it appears in the report, is as follows: " Mrs. Elizabeth Teel to H. V. Teel, as per agreement, $10,550." To approve this item would, in effect, be a recognition of the agreement as valid and binding, a matter over which, as we have said, the court had no jurisdiction. Its sole province was to see that the will of the testator was executed in the manner therein provided, and directed. To require a probate court to determine the validity of collateral agreements between legatees or devisees, executed subsequently to the death of the ancestor, or to adjust the equities arising therefrom, would impose upon such court a jurisdiction and corresponding duties not required or contemplated by law. It follows that the credits sought by the executor for the sums paid to each of the children, as " per agreement," should be disallowed, and that the question whether Neosha Mills, by reason of having accepted the amount due to her under the agreement, is estopped to question its validity, is immaterial.

The order of the Circuit Court will be reversed and the cause remanded, with directions to proceed in conformity with the views herein expressed.

*Reversed and remanded.*