## Valmore Parker et al., Appellees, v. Dolph Conover et al., Appellants.

1. WILLS, § 228*—*when complete instrument overrides particular provisions.* As a general rule no section or provision of a will can control against the manifest intent of the complete instrument.

2. WILLS, § 226*—*when construction depends upon intention of testator gathered from entire instrument.* The construction of a will depends upon the intention of the testator to be ascertained from a full view of everything contained in the will, giving just weight and operation to each clause and word employed, unless there is some invincible repugnance or some portion of it is absolutely unintelligible.

3. WILLS, § 244*—*who constitute heirs and descendents living at time of distribution of estate.* A provision in a will that a certain distribution of the profits arising from his property be made among his "heirs and descendents living" at the time of the distribution means a distribution between the heirs who are directly descended from him who are living at such time, and does not include the husband and executor of a deceased daughter, although in another clause of the will the testator devises to such daughter an undivided portion of his estate without condition.

4. WILLS, § 249*—*when general provision in favor of child controlled by specific provision for distribution.* Where testator made in his will a life provision for his wife and devised without condition an undivided portion of the estate, subject to the provision for the wife, to a daughter, who predeceased the testator, leaving a husband, who was her devisee and executor, but no children, and in a later clause of the will testator provided that under certain conditions a distribution of certain royalties derived from the estate devised might be made in the lifetime of the wife, and that any distribution made previous to the death of the said wife should be between his heirs and descendents living in pursuance of the statute of the State of Illinois at the date of this will, *held* that the general provision in favor of the daughter was controlled by the specific provision as to the distribution, so that the devisee and executor of the deceased daughter had no interest or distributive share in such distribution.

5. WILLS, § 249*—*when general provisions controlled by specific provisions.* In constructing wills, general provisions must give way to those which are specific.

Appeal from the Circuit Court of Crawford county; the Hon. Enoch E. Newlin, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 17, 1916.

P. G. Bradbury and Jones & Jones, for appellants.

Newlin, Parker & Newlin, for appellees.

Mr. Presiding Justice Higbee delivered the opinion of the court.

Appellees, who are the widow, heirs at law and the executors of Henry Parker, deceased, filed this bill to construe his will. There was no evidence in the case but it was by agreement heard upon bill and answer, the only question before the court being as to the intention of the testator as expressed in certain portions of the will. It appeared from the bill and answer that Henry Parker died January 26, 1909, in Crawford county, Illinois, where he owned a large body of land, underlaid with gas and oil; that at the time of his death he had a wife, six children and three grandchildren; that his will was duly admitted to probate and his sons Valmore Parker and G. H. Parker, who were appointed executors therein, duly qualified and entered upon the discharge of their duties. Item three of the will, after giving to the testator's wife, in lieu of dower and homestead estate, all of his household goods and any other personal property that she might select, contained the following provision: "I also give and bequeath to my said wife for and during her natural life, the proceeds, rents, issues and profits, including the oil and gas therein and thereunder, of all the real estate of which I may die seized, together with the interest and income that may be derived from any and all personal property, moneys or choses in action of which I may die possessed and the accumulation of my estate after my death; provided, however, all of said proceeds, rents, issues, profits, interest and income

will be needed for the maintenance, comfort and support of the said Mary Parker and her household.'' In item four, the testator devises and bequeaths to his executors in trust all of his property except that bequeathed to his wife, Mary Parker, to hold, use, manage and control the same, during the lifetime of his said wife; that said executors sell said personal property coming to their hands and that the proceeds of the sale, together with all money belonging to the estate or that may accumulate in the hands of the executors, be loaned during the lifetime of his said wife, provided they should supply the comforts, necessities and demands of his said wife, and also provided that if at any time the accumulations and income of the estate should be such as, in the judgment of the executors, the whole of the same should not be needed for the support and maintenance of his wife in a comfortable manner they might make distribution of the money which might accumulate as afterwards in the will directed. The will then devises certain portions of the real estate to the testator's children and grandchildren, ''subject, however, to the bequests and devises herein before made for the use and benefit of my said wife, Mary Parker therein.'' By item twelve the testator devised to his children, Valmore Parker, Ella Adams, George H. Parker, Albert Parker, Millie Conover and Stella Conover, each the one-seventh part of all the oil, gas and mineral, in and under the real estate of which he might die seized, share and share alike, subject to the devises made for the use and benefit of his said wife; and by the thirteenth item, he in like manner devised to his three grandchildren, each the one-twenty-first part of such oil, gas and mineral. Item fourteen of the will provided that: ''After the death of my said wife and the payment of the expenses of her last illness and the funeral expenses out of any money belonging to my estate which payments I hereby authorize and direct shall be made the same as any other debt against

my estate. I desire that all the personal property of which I may die possessed, shall be by my executors immediately converted into money without any order or decree of court at either public or private sale as they may deem for the best interests of my estate; that they also with all convenient speed collect all moneys, including all interest due my estate and after paying all the costs and expenses, all debts and bequests that said executors pay to and distribute between my heirs and descendents living at the death of my said wife, if she survives me, all the rest, residue, remainder, of said money and accumulations not theretofore distributed, in pursuance of the statute of the State of Illinois in force at the date of this will, and any distribution made by my executors previous to the death of my said wife shall be made between my heirs and descendents living in pursuance of the statute of the State of Illinois at the date of this will.''

The bill states that the executors have, pursuant to the terms and conditions of said will, sold the royalties and interest from all oil produced and saved from the lands of which said testator died seized, and that they have found the whole amount of the proceeds of such royalties were not needed for the support and maintenance of the widow; that they have heretofore made distribution of the portions of the money derived from the sale of said oil in excess of the amounts necessary for her support and maintenance, which said moneys have been distributed among the persons entitled thereto, in accordance with their respective interests, and which distribution continued from time to time until the death of Millie Conover, one of the children and heirs at law of said Henry Parker and a beneficiary named in said will; that said Millie Conover died May 30, 1914, testate, leaving her mother, the said Mary Parker, her sisters, Ella Adams and Stella Conover, her brothers, Valmore Parker, G. H. Parker and Albert Parker, and her nieces, Minnie Millins, Lillie

McMasters, Lillie Garrett, her only heirs at law her
surviving; that by her last will and testament, her sur-
viving husband, Dolph Conover, was named as the sole
legatee of the property of every kind and character,
of which she died seized, and that said Dolph Conover
was named as her executor, and has duly qualified and
is now acting as such; that said executors now have
money on hand derived from the proceeds of sale of
oil royalties from the lands of said testator, which are
not needed for the support, care and maintenance of
his widow and which said executors insist should be
distributed among the heirs, descendents and legatees
of the said Henry Parker now living, and the said
Dolph Conover claims that he is entitled to one-seventh
part thereof, under the terms of the last will and testa-
ment of the said Millie Conover; that it is to settle this
controversy that the suit is instituted to construe the
will.

Dolph Conover and Dolph Conover as executor of
the last will and testament of Millie Conover, de-
ceased, were made parties defendant to the bill and
filed an answer claiming the one-seventh portion of all
the proceeds of oil, gas or minerals now held by said
executors, which have been derived by them from any
of the lands, of which the said Henry Parker died
seized, or which may hereafter come to their hands
from said source, under and by virtue of the last will
and testament of said Millie Conover, deceased. The
court found that by the terms and provisions of said
last will and testament of said Henry Parker, deceased,
all the money derived or collected by the executors
from the sale of oil as royalties, or that may here-
after be collected by them during the lifetime of said
Mary Parker, or so much thereof as will be needed for
her maintenance, comfort and support, during her life,
is the property of, owned by and belongs to the com-
plainant Mary Parker, widow of said Henry Parker,
and should be paid to her for and during her natural

life, and if at any time said money should, in the judgment of said executors, not be required to be so used, then they might make distribution of such part of such money as is not so required for the use of said Mary Parker, to the heirs and descendents of said Henry Parker, deceased, living at the time of such distribution in such proportion or share as each heir would take by virtue of the statute in case of intestate property in force at the time of the death of said Henry Parker, deceased; that Dolph Conover and Dolph Conover executor of the last will and testament of Millie Conover, deceased, are neither heirs nor descendents of said Henry Parker, deceased, and never can be, and that neither of them is the owner of or has any interest in said money or any part thereof, heretofore collected or that may be hereafter collected, during the natural life of said Mary Parker. It was accordingly decreed by the court that said executors pay to the complainant Mary Parker, for and during her natural life, so much of said money as should be required for her maintenance, support and comfort and distribute the balance, if any, among and between the heirs and descendents of the said Henry Parker, living at the time of such distribution, pursuant to the statute of the State of Illinois, in force at the time of the death of said Henry Parker, and that in making such distribution they should not pay any part of said money so collected or derived from such sale of oil as royalty during the lifetime of complainant Mary Parker to said defendant Dolph Conover and Dolph Conover executor of the last will and testament of said Millie Conover, deceased, or either of them. Dolph Conover personally and as executor prosecutes this appeal, asking the court to hold that by operation of law the terms of the will must be construed as providing that one-seventh of the oil, gas and minerals under all the land became a vested remainder in his wife, Millie Conover, at the death of her father, subject only

to a just proportion of the amount necessary to maintain, care for and support his widow, Mary Parker, during her lifetime; that the estate devised to said Millie Conover by the twelfth item above referred to, was a vested remainder subject to the life estate devised to Mary Parker therein.

In determining the rights of appellant to the fund in question, it is necessary to take into consideration the following items of the will: Item three of the will, which gives to the wife, Mary Parker, during her natural life "The proceeds, rents, issues and profits including the oil and gas therein and thereunder of all the real estate." Item four, which devises and bequeaths all the property to the executors in trust to hold, use, manage and control the same during the lifetime of the wife, Mary Parker, as therein directed; that the executors shall keep loaned the fund therein provided for during the life of the said wife and shall supply her comforts, wants, necessities and demands, and if at any time the accumulations and income be such as in the judgment of the executors the whole of the same is not needed for her support and maintenance in a comfortable manner, "they may make distribution of so much money which may accumulate as hereinafter directed." Item twelve, which devises to the six children including Millie Conover, the deceased wife of appellant, each a one-seventh of all the oil, gas and mineral under the real estate, subject to the devises and bequests made for the use and benefit of the wife, Mary Parker. That part of item fourteen which provides that "any distribution made by my executors previous to the death of my said wife shall be made between my heirs and descendents living, in pursuance of the statute of the State of Illinois at the date of this will." And with these items there should also be considered the specific devises of real estate made to the children and grandchildren as above referred to, subject to the devises and bequests made for the use and

benefit of the wife of the testator. The widow, Mary Parker, was a complainant in the bill, asking that the accumulations in the hands of the executors be distributed to the heirs and descendents of her deceased husband, living at the time of the distribution and that none go to appellants. Appellant Conover makes his claim under that provision of section twelve of the will which gives his wife one-seventh part of all the oil, gas and mineral in and under the real estate of which her father should die seized, subject to the devises and bequests made for the use and benefit of his said wife therein, but it is a well-known canon of construction that in determining the intent of the testator the whole will must be considered together, and that as a general rule no section or provision standing alone can control against the manifest intent of the complete instrument, but if possible force and effect must be given to every request or direction contained therein. "The construction (of a will) depends upon the intention of the testator, to be ascertained from a full view of everything contained in the will, giving just weight and operation to each clause and word employed, unless there is some invincible repugnance, or some portion of it is absolutely unintelligible." *Dickison v. Dickison,* 138 Ill. 541.

The will in question shows a systematic attempt on the part of the testator to dispose of his property and provide for his family. His first thought is for his wife and he gives her all the income from the property, if necessary, for her maintenance, comfort and support, and provides that the personal property be sold if the income is not sufficient. He then considered the care of his property and the income therefrom, putting it in the hands of his executors as trustees with directions to pay so much of it to the widow as her needs and comfort might demand, the balance to be distributed as therein provided. He then divides his land among his children and grandchildren by seven specific

bequests, each one of which concludes with the identical words used at the conclusion of the provision, under which appellant claims title, to wit: "Subject, however, to the devises and bequests herein made for the use and benefit of my said wife, Mary Parker." He then disposes of the oil, gas and mineral under the land subject to the same reservation. He subsequently directs what shall be done with his personal property and accumulations on hand at the death of his wife, and then comes the final provision in the will, concerning the disposition of the property which is, that any distribution thereof made previous to the death of his wife, should be made between his heirs and descendents living, in pursuance of the statute of the State of Illinois at the date of the will. The provisions of the will, taken as a whole, appear to be substantially harmonious and item twelve, under which appellant claims, when read with the rest of the will, does not appear to be in serious conflict therewith. By that item the testator's children, including Millie Conover, were each given one-seventh of all the oil, gas and mineral in and under the real estate, of which he should die seized. This devise, however, was made subject to the devises and bequests made for the use and benefit of the testator's wife. It must therefore be held to be subject to the provisions governing the distribution of the fund provided for the wife, which is named in other items. By those items the distribution made previous to the death of the wife were to be between the testator's living heirs and descendents. Appellant Conover was not a descendent of the testator and could not either in his own right or as executor be considered an heir of the testator. It appears evident to us that the testator meant that the fund distributed during the lifetime of his wife should be divided among his heirs who had directly descended from him, who were living at the time of the distribution. Under this construction appellant is not entitled to any interest

or distributive share in said fund which may be distributed during the lifetime of the widow of said Henry Parker, deceased, either in his own right, as devisee of his wife, or as the executor of her will.

It is also a matter to be considered that the bill asks that the fund be distributed as provided for under the specific direction contained in item fourteen, which is the last direction given by the testator in his will, concerning the disposition of his property. Even if this provision did conflict with that under which appellant claims, the provision in item fourteen must prevail because it is a fundamental rule in the construction of wills that the later provision must prevail over the former ones when the same cannot be harmonized. The rules of construction above referred to are set out at length, analyzed and supported by citations in the opinion of the court delivered through Justice Shope in *Dickison v. Dickison, supra.* Item twelve, which gave the testator's children each one-seventh of all the oil, gas and mineral in or under his real estate, was a general provision, disposing of the interests named, while that providing for the distribution of the fund at the end of item fourteen was a specific provision made for the purpose of disposing of accumulations or the receipt from royalties during the lifetime of his widow. "It is a familiar rule in the construction of wills that general provisions must give way to specific provisions." *Saeger v. Bode,* 181 Ill. 514. Under this rule, also, the specific provision contained in item fourteen must prevail, and under it appellants are not entitled to receive anything. We are of opinion that the chancellor in the court below properly construed the provisions of the will submitted to him by the bill and answer and that his decree should be affirmed.

*Affirmed.*