## FRANCIS J. MULBERRY.

### *v.*

## JEREMIAH MULBERRY *et al.*

WILL—*of a limited estate, as distinguished from an estate of inheritance.* Where a testator devised land to his wife, "to hold and dispose of the same as she may see proper during her widowhood," the devisee will not take an estate of inheritance which will pass to her heirs, the language of the devise clearly limiting the extent of her interest.

WRIT OF ERROR to the Circuit Court of Greene county; the Hon. CHARLES D. HODGES, Judge, presiding.

This case was brought to this court by stipulation, and upon an agreed statement of the facts. It was a petition for partition, filed in the court below by the heirs at law of James Mulberry, who died testate. Among other devises, he devised to his wife Nancy, who survived him, certain real estate which is sought to be divided—" to hold and dispose of the same as

she may see proper during her widowhood." Nancy was the second wife of the devisor, and Francis J., the plaintiff in error, the sole heir at law of Nancy, by the second marriage, the other parties in interest being the children of the devisor by a former marriage.

Nancy died unmarried, and the widow of the devisor. The only question presented by the record is, whether Francis J. Mulberry, as the sole surviving heir of Nancy, took the estate so devised as an estate of inheritance in fee simple, or whether Nancy took only a limited estate, which terminated with her widowhood, or at her death. The court below held that the devisee, Nancy, did not take an estate of inheritance which could pass to her heirs at law; and whether that ruling is correct, is the only question presented in this case.

Messrs. Woodson & Withers and Mr. James W. English, for the plaintiff in error.

Mr. H. Case, for the defendants in error.

Mr. Justice Lawrence delivered the opinion of the Court :

The only question presented by this record, is, whether Nancy Mulberry took an estate of inheritance in the realty, under her husband's will. It is very clear she did not. The will devises the land to her, " to hold and dispose of the same as she may see proper during her widowhood." This language clearly limits the extent of her interest. It is like the case of *Boyd* v. *Strahan*, 36 Ill. 358, and especially like *Bradley* v. *Westcott*, 13 Vesey, 450, cited in that case.

*Decree affirmed.*