CAROLINE KRATZ, Exrx.

*v.*

WILLIAM KRATZ, Jr.

*Opinion filed February 20, 1901.*

1. WILLS—*meaning of words "during her widowhood."*  A devise or bequest to a wife "during her widowhood" is a gift for life, only, which may be terminated by the subsequent marriage of such wife.

2. SAME—*language of will construed.*  The language, "I give and devise to my wife, Caroline Kratz, during her widowhood, all my lands, tenements and hereditaments, of every nature and description, wherever situated; and all my interest in real estate, mortgages, notes, absolutely and unconditionally; also, all my money * * * and personal estate * * * absolutely and unconditionally," limits the wife's interest in both real and personal property to the period of her widowhood,—that is, during her life or until she re-marries.

WRIT OF ERROR to the Circuit Court of Kankakee county; the Hon. ROBERT W. HILSCHER, Judge, presiding.

THOMAS P. BONFIELD, THOMAS DONOVAN, and T. W. SHIELDS, for plaintiff in error:

A base or qualified fee is such as has a qualification subjoined thereto, and which must be determined whenever the qualification annexed to it is at an end. 3 Am. & Eng. Ency. of Law, (2d ed.) 869; *United States* v. *Reese,* 5 Dill. 412.

It is an interest that may continue forever, but the estate is liable to be determined without the aid of conveyance, by some act circumscribing its continuance or extent. *Grout* v. *Townsend,* 2 Denio, 339; 4 Kent's Com. 10.

It is not necessary to constitute a fee simple that it should be absolute. It may be a fee simple determinable. Powell on Devises, 230; *Richardson* v. *Noyes,* 2 Mass. 63.

It is a general rule that a valid executory devise can not subsist under an absolute power of disposition in the first taker. 4 Kent's Com. 270.

Where property is devised in fee simple to a widow, and words are added directing the disposition of what remains at her death, such words, if precatory, do not affect her title, and if intended to impose a condition are void as repugnant thereto. *Rona* v. *Meier,* 47 Iowa, 607; *Alden* v. *Johnson,* 18 N. W. Rep. 696; *Benkert* v. *Jacoby,* 36 Iowa, 273; *Williams* v. *Allison,* 33 id. 278; *Ide* v. *Ide,* 5 Mass. 500; *VanHorne* v. *Campbell,* 100 N. Y. 287; *Hunt* v. *Hawes,* 181 Ill. 343.

A condition which is inconsistent with the estate to which it is attached is void, and the estate which is devised or bequeathed passes absolutely. *Wilson* v. *Turner,* 164 Ill. 403; 2 Jarman on Wills, (5th ed.) 587; 2 Redfield on Wills, (ed. of 1866) 665.

A limitation over of either real or personal property after an absolute gift to the first taker is repugnant to the first gift, and void. 2 Kent's Com. 352; *Fairman* v. *Beal,* 14 Ill. 244; *Hamlin* v. *Express Co.* 107 id. 443; *Wolfer* v. *Hemmer,* 144 id. 554; *Waldo* v. *Cummings,* 45 id. 421; *Welsch* v. *Bank,* 94 id. 203; *Jones* v. *Bacon,* 68 Me. 34.

HARRISON LORING, for defendant in error:

In interpretation of wills it is a rule to give every part of it, if it can be done rationally, force and effect. All its parts must be construed in relation to each other, so as to form a consistent whole.. *Smith* v. *Taylor,* 21 Ill. 299; *Willis* v. *Watson,* 4 Scam. 67; *Young* v. *Harkleroad,* 166 Ill. 323; *Bergan* v. *Cahill,* 55 id. 160; *Markillie* v. *Ragland,* 77 id. 98; *Brownfield* v. *Wilson,* 78 id. 467; *Johnson* v. *Johnson,* 98 id. 570.

In a case where the rule in *Shelly's case* does not apply, the rule is that where the latter provision of a will is repugnant to a former provision the latter provision is to be construed as intending to modify or abrogate the former provision. *Hamlin* v. *Express Co.* 107 Ill. 449; *Friedman* v. *Steiner,* id. 125; *Walker* v. *Pritchard,* 121 id. 231;. *Glover* v. *Condell,* 163 id. 566.

Where personal property is willed to a widow for life or during widowhood, she takes the same interest that a tenant for life takes,—that is to say, the use of the property for life or during widowhood. *Burnett* v. *Lester,* 53 Ill. 325.

A person having an estate for life is not the owner of the principal. It is the duty of the person having charge of the personal estate thus bequeathed, to convert it into money and safely invest the same, and pay the interest to the person holding the same for life. *Burnett* v. *Lester,* 53 Ill. 325; *Williamson* v. *Williamson,* 5 Paige, 298; *Trogdon* v. *Murphy,* 85 Ill. 122; 2 Kent's Com. 352.

Mr. JUSTICE WILKIN delivered the opinion of the court:

This is a bill in chancery, in the circuit court of Kankakee county, by Caroline Kratz, to construe the will of her husband, William Kratz, deceased. The will, after first providing for the payment of the debts and funeral expenses of the testator, is as follows:

"*Second*—I give and devise to my wife, Caroline Kratz, during her widowhood, all my lands, tenements and here-

ditaments, of every nature and description, wherever situated; and all my interest in real estate, mortgages, notes, absolutely and unconditionally; also, all my money, accounts, bonds and evidences of indebtedness and personal property, and personal estate of every nature and description, absolutely and unconditionally.

"*Third*—I direct that after the decease of my wife, Caroline Kratz, all the property, real or personal, notes, mortgages, evidences of indebtedness, of whatever nature or description, which my said wife at the time of her death may possess, be given, devised and bequeathed to my only child, William Kratz, absolutely, and on condition that all my wife's just debts and funeral expenses be paid by him (William Kratz).

"*Fourth*—I do hereby nominate and appoint my said wife, Caroline Kratz, sole executrix of this my last will and testament, hereby revoking all former wills by me made, and waive all necessity of my said executrix giving bail, bond or security as such executrix."

The bill alleges that the testator died June 9, 1897; that the will was executed February 22, 1893; that at the time of his death his estate consisted of a homestead, where he and his wife resided, worth about $500, and personal property, consisting of notes, mortgage securities, money and obligations, amounting to about $3500; that he owned the homestead at the time of making the will, and that since his death a conflict of opinion has arisen as to the proper construction of the will. By her bill the complainant claims to take, under the provisions of the will, the absolute ownership of the property therein devised and bequeathed, both real and personal, and prays a decree of the court accordingly. Defendant, by his answer, insists that she is entitled only to the right to the use of such property during her widowhood, and that he has a vested remainder in the same. The court, by its decree, sustained the claim of defendant, and complainant brings this writ of error to reverse that decree.

The first question is, what effect is to be given to the words in the second clause of the will, "during her widowhood?" We have held that they mean during life, unless sooner terminated by marriage. That is, a devise or bequest to a wife during her widowhood, or so long as she remains the widow of testator, is a gift for life only, which may be terminated by a second marriage of the widow. *Mulberry* v. *Mulberry*, 50 Ill. 67; *Green* v. *Hewitt*, 97 id. 113; *Batterton* v. *Yoakum*, 17 id. 288.

*Second*—Do the words "during her widowhood" limit the gift of the personal estate as well as the devise of the real estate? It would seem too clear for controversy that the language "all my interest in real estate, mortgages, notes," is so connected with the devise of real estate as to bring both within the same qualification and limitation. Whether these last words are separated from the former by a semicolon, comma, or no punctuation mark whatever, the grammatical construction must be the same. The next sentence, "also all my money, accounts," etc., "of every nature and description," includes the mortgages and notes mentioned in the prior sentence. The word "also," as here used, means "in like manner," and so it must be held that, the devise of the lands being "during her widowhood,"—that is, during her life,— the personal estate is in like manner given during her widowhood,—that is, during her life, unless she shall remarry. (*Green* v. *Hewitt, supra.*) The words "absolutely and unconditionally" mean no more than that the wife shall have the property without condition during the time in which she is to hold it. (*Boyd* v. *Strahan*, 36 Ill. 355, and cases cited.) In *Bradley* v. *Westcott*, 13 Ves. 450, one of the cases there cited, the will gave the testator's personal property "to the sole use and behoof of his wife for and during the term of her natural life, to be at her full, free and absolute disposal and disposition during her natural life, without being in anywise liable to be called to any account concerning the amount, value or

particular thereof by any person whomsoever," and it was held that the subsequent words, "with reference to the express interest for life previously given," should be construed "that she is to have as full, free and absolute disposition as a tenant for life can have." To the same effect is *Smith* v. *Bell*, 6 Pet. 72, also therein cited.

The construction here given to the second clause of the will as to both classes of property is fortified by the third clause, which directs that after the decease of the wife all the property, real or personal, etc., which she may possess at the time of her death, "be given, devised and bequeathed to my only child, William Kratz, absolutely, and on condition that all my wife's just debts and funeral expenses be paid by him." The language here used, though somewhat in the nature of a request, is to be treated as a devise and bequest. (*Bergan* v. *Cahill*, 55 Ill. 160; *McCartney* v. *Osburn*, 118 id. 403.) It is not stated here "what may be left" or "whatever shall remain" at the death of the wife, but "what she may possess." The property here in controversy being of a character not to be consumed in its use, under the law she would be held to possess all of it. Of course, by the express terms of this last clause William Kratz will only be entitled to the property at the death of his mother, subject to the payment of all her "just debts and funeral expenses;" and if the wife shall contract "just debts" for her support and maintenance, or other purposes, during her life, the defendant can only take the property upon the payment of such debts and her funeral expenses,—and this we understand to be the holding and effect of the decree below.

The decree of the circuit court will be affirmed.

*Decree affirmed.*