EDWARD BECKER

*v.*

LIZZIE BECKER.

*Opinion filed December 16, 1903.*

| 206 | 53 |
| 208 | 1 71 |

| 206 | 53 |
| 209 | 2 232 |

| 206 | 53 |
| 215 | 3 137 |

1. WILLS—*courts favor construction which gives estate of inheritance to first devisee.* Courts will give that construction to a will which will vest an estate of inheritance in the first devisee, unless other limiting and qualifying clauses clearly and unequivocally disclose a contrary intention.

2. SAME—*when will passes a base fee.* A devise of an estate in fee simple to the testator's widow, followed by the qualification that if she re-marries she shall have only one-third of the estate, passes a base or determinable fee, and not merely a life estate.

3. SAME—*rights of devisee of a base fee.* The devisee of a base or determinable fee has the same rights as if the devise were in fee simple absolute, except that the determinable quality of the estate follows any conveyance thereof by her.

APPEAL from the Circuit Court of Peoria county; the Hon. T. N. GREEN, Judge, presiding.

ELWOOD & MEEK, (NICHOLAS MICHAELS, of counsel,) for appellant.

ARTHUR KEITHLEY, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

A general demurrer presented to a bill in chancery filed by the appellant, praying for partition of certain real estate of which one William H. Becker died seized, was sustained and a decree entered dismissing the bill at the cost of the complainant. Said William H. Becker departed this life April 1, 1901, leaving the following last will and testament:

"1 P. M., PEORIA, ILLINOIS, *July 30, 1897.*

"This is my last and only will that I have made up to this date. I wish to leave all of the building known as the Niagara building, all of the mortgages, notes and stocks, horses, carriage, buggy and cart, all of the furniture in our home, also all furniture, piano, lodge room furniture, two large pictures and grill-work in Elks' lodge rooms, on the seventh floor Niagara building, to my wife, Lizzie Becker.

"I wish to give to George Becker, my brother, of Terre Haute, Indiana, the sum of $500; Edna Smith, of West Chazy, N. Y., $500; Edward Becker, of Chicago, Ill., $1000; to Austin F. Johnson, of Peoria, Ill., $50, and to Emile Becker, residence unknown, the sum of $5.

"My wife, Lizzie, to have full charge of my estate after my death, without any restrictions of any nature. My wife, Lizzie, never to marry again, and if she does, my estate to be divided equally between my brothers, George Becker and Edward Becker, and my wife, Lizzie Becker.

"Signed at 1:30 P. M. on this 30th day of July, 1897.

W. H. BECKER.    [Seal.]"

There is no allegation in the bill that the widow has re-married.

The theory of the bill is, that under a proper construction of the will the last clause thereof, placing a

restriction on marriage by the widow and providing for the devolution of the title to the property in the event of her re-marriage, has the effect, in law, of limiting the estate taken by the widow under the will, that otherwise might have been a fee simple, to a life estate, except in the one-third interest with which the will provided she should be invested in case of her re-marriage, and that appellant, as devisee under said final clause, is invested with a one-third interest subject to the life estate of the widow. The chancellor did not err in refusing to accept this as the proper construction of the will. The first clause of the will, if standing alone, is clearly sufficient to invest Lizzie, the widow, with an absolute estate in fee simple in the real estate. It contains no technical words of inheritance, but since the adoption of section 13 of our Conveyance act such words are not necessary to the creation of a fee. This clause is, however, to be construed with the final clause in the will and the estate devised determined from the consideration of both clauses. *Saeger* v. *Bode*, 181 Ill. 514.

The growing tendency of courts has become a settled policy to adopt the construction of a will that will give an estate of inheritance to the first devisee unless other limiting or qualifying clauses in the will disclose clearly and unequivocally that it was the intention of the testator to limit or qualify the estate granted. When this will, in all its parts, is read, the intention of the testator is clearly disclosed. It was, to give to his wife a fee simple estate, subject to be defeated as to a two-thirds interest therein if she should re-marry. The testator desired to vest in his wife an estate having all of the qualities of an absolute fee so long as she remained his widow, and in case of her re-marriage he desired two-thirds of that estate to vest in his brothers, George and the appellant, Edward. No rule of law exists to prevent the accomplishment of such wishes of the testator. In Underhill on Wills (sec. 507) it is said: "No rule of law pre-

vents the testator from giving her a fee simple in lieu of dower, which shall be defeasible and shall go to others on her re-marriage. Thus, where the testator in general terms devises land in trust, to pay the income to the widow for an indefinite period, without words of perpetuity or inheritance, [and, *a fortiori*, when it is to her and her heirs,] with a proviso that if she shall re-marry the land is to go to others, she takes a fee-conditional at common law, which will be defeated by her re-marriage. If she conveys the fee, her grantee takes it also subject to being defeated by her re-marriage; but if she dies without having re-married, the fee descends to her heirs and the devise over is defeated."

The estate taken by the appellee widow is a fee, because, in the absence of re-marriage, it will endure forever in her and her heirs. The restriction against her re-marriage qualifies her estate, and it is therefore a qualified or base fee. Until determined by her re-marriage she has the same rights and privileges over the estate as if it were a fee simple absolute, save that the determinable quality of the estate will follow any conveyance thereof by her. *Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co.* 94 Ill. 83; *Lombard* v. *Witbeck*, 173 id. 396; *Chapman* v. *Cheney*, 191 id. 574; *Gannon* v. *Peterson*, 193 id. 372; 11 Am. & Eng. Ency. of Law,—2d ed.— 368, 369.

It did not appear from the bill that the appellant had any present interest in the real estate. The contingency upon which he may succeed to an interest in the real estate has not happened and may never happen.

The demurrer was properly sustained. The decree is affirmed.

*Decree affirmed.*