(No. 13216.—Decree affirmed.)

ROBERT McINTYRE *et al.* Appellants, *vs.* JACOB DIETRICH *et al.* Appellees.

*Opinion filed June 16, 1920—Rehearing denied October 7, 1920.*

1. WILLS—*definition of base or determinable fee.* A base or determinable fee is such a fee as has a qualification subjoined thereto and which must be determined whenever the qualification annexed to it is at an end, and such qualification may be a condition independent of the estate granted, but if the contingency does not happen the fee becomes absolute.

2. SAME—*how a base or determinable fee may be created.* A base or determinable fee may be granted by deed so long as the land is devoted to a particular purpose, or the title may go over by springing or shifting use, and it may also be devised by will with reversion to the heirs of the testator or a valid limitation over by way of executory devise, and such a devise may be limited upon any collateral circumstance which is lawful and not opposed to public policy, such as a definite failure of issue, re-marriage of widow, or the like.

3. Same—*when devise with restraint upon alienation is not a base or determinable fee.* Where a testator devises land to his son "in fee simple," with a restraint upon alienation until the devisee reaches thirty years of age, and upon breach of the condition a future contingent interest is limited to the surviving issue, or, in default of such issue, to the brothers and sisters of the devisee, the devise is not a determinable fee.

4. Same—*when devise contains a condition subsequent and not precedent.* Where a testator devises land "in fee simple" to his son, with a devise over to the surviving issue of the son or to his brothers and sisters if the devisee shall attempt to alienate the estate before reaching thirty years of age, the condition is a subsequent one, by which the estate already vested is to be defeated.

5. Same—*a subsequent condition repugnant to estate granted is void at common law.* At common law a condition subsequent which is repugnant to the estate to which it is annexed is void and the estate vests free from the condition.

6. Same—*restraint upon alienation of fee is void although limited to certain number of years.* Where a testator devises land "in fee simple" to his son, with a devise over to the surviving issue of the son, or, in default of such issue, to his brothers and sisters if the devisee shall sell the property before he reaches the age of thirty years, the condition is void as being repugnant to the estate devised, as there is no distinction to be made because the restraint on alienation is limited to a definite time nor because the testator has designated who shall take the estate should the contingency happen.

Appeal from the Circuit Court of Adams county; the Hon. Albert Akers, Judge, presiding.

John T. Inghram, and Carl E. Epler, for appellants.

Govert & Lancaster, Wilson & Schmiedeskamp, and J. LeRoy Adair, for appellees.

Mr. Chief Justice Cartwright delivered the opinion of the court:

The circuit court of Adams county sustained the demurrer of the appellees to the bill filed against them in this case by the appellants, which alleged that Robert McIntyre devised a determinable fee in land in that county to his son

James M. P. McIntyre and that such fee had been determined by conveyance of the devisee in violation of a condition of the will and a limitation over by way of executory devise to the lawful issue of the devisee surviving him had taken effect, and prayed for partition of the land. The appellants elected to abide by their bill and it was dismissed for want of equity, and they appealed.

The facts alleged in the amended bill and admitted by the demurrer are as follows: Robert McIntyre, being the owner of a large amount of land in Adams county, died on March 12, 1876, leaving a last will and testament made on May 13, 1873, by which he devised to each of his seven children a separate portion of his land. Each devise was stated to be in fee simple, and the tenth clause devising lands to James M. P. McIntyre is as follows: "I also give, devise and bequeath unto my said son James M. P. McIntyre, in fee simple, the following described real estate, to-wit, [describing 305 acres of land,] all of said lands being situated in the county of Adams and State of Illinois." By the fifteenth clause the testator declared a restraint upon the right of alienation as to each and all of the devises, as follows: "The bequest of the real estate aforesaid to my said respective children is made upon the express condition that they or either of them shall not sell, convey or mortgage the same, or any part thereof, prior to their respectively arriving at thirty years of age, and that any sale, conveyance or mortgage of the same, or any part thereof, made by either of them prior to his or her arriving at thirty years of age shall be absolutely null and void; and in case any of my said children shall previous to their arriving at thirty years of age sell, convey or mortgage the real estate hereinbefore respectively bequeathed to them, or any part thereof, upon his or her death the part so sold and conveyed or mortgaged shall go and descend to the lawful issue of his or her body if any survive him or her, but if none survives him or her, then to his or her brothers and

sisters him or her surviving, in equal parts." On December 29, 1879, James M. P. McIntyre, being then twenty-one years of age, with his wife, Persis C. McIntyre, by his warranty deed conveyed all of the real estate devised to him to his mother, the widow, Maria McIntyre, for the consideration of $3000, and the other children and devisees on the same day executed their quit-claim deed of all said real estate to said Maria McIntyre. By subsequent conveyances the title conveyed to Maria McIntyre passed to other persons, who are included among appellees. James M. P. McIntyre died intestate on October 5, 1918, leaving a widow, Nellie McIntyre, and his children, James M. P. McIntyre, Jr., Mary E. Seliner and Robert McIntyre, his only heirs-at-law. In 1919 Mary E. Seliner, with her husband, Frank Seliner, and Robert McIntyre, executed deeds of undivided one-sixth interests in the land to their uncle, Robert McIntyre, son of the testator. Mary E. Seliner died on March 25, 1919, leaving her husband, Frank Seliner, and her children, Warren Benjamin Seliner, Frank Seliner, Jr., and Mary C. Seliner, her heirs-at-law. The uncle, Robert McIntyre, claiming under the deeds to him, and the son, Robert McIntyre, filed the bill, and all other parties interested were made defendants.

Counsel for appellants present two propositions in support of the claim that the facts alleged in the bill entitled the complainants to the relief prayed for and that the court erred in sustaining the demurrer. First, that the will did not devise a fee simple but a fee determinable, which might have become a fee simple absolute if the devisee had not conveyed the land before he became thirty years of age, but upon that contingency happening the conditional limitation took effect, ending the determinable fee and passing the real estate to his lawful issue surviving upon his death. Second, that while a general and absolute restraint on the alienation of a fee simple is null and void as repugnant to the estate granted, yet a restraint to a limited extent or for a certain

· 294    9

reasonable time is valid, and that the restraint on alienation until the devisee became thirty years of age was a reasonable limitation of time.

A base or determinable fee is such a fee as has a qualification subjoined thereto and which must be determined whenever the qualification annexed to it is at an end. It is a fee for the reason that it may last forever if the contingency does not happen, but it is debased because its duration depends upon collateral circumstances which qualify or debase it. (*Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co.* 94 Ill. 83; *Williams* v. *Elliott,* 246 id. 548.) It is a fee which may be defeated by some condition independent of the estate granted or devised, on the happening of which the fee will come to an end and the estate be lost. Such a fee may be granted by deed so long as the land is devoted to a particular purpose, or the title may go over by springing or shifting use, and it may also be devised by will with reversion to the testator's heirs or a valid limitation over by way of executory devise, and such a devise may be limited upon any collateral circumstance which is lawful and not opposed to public policy, such as a definite failure of issue, re-marriage of a widow, or the like. (*Becker* v. *Becker,* 206 Ill. 53; *Cummings* v. *Lohr,* 246 id. 577; *Friedman* v. *Steiner,* 107 id. 125; *North* v. *Graham,* 235 id. 178; *Wiggins Ferry Co.* v. *Ohio and Mississippi Railway Co. supra.*) The testator first devised to his son James M. P. McIntyre the lands in fee simple, and afterward imposed a condition that he should not convey or mortgage the same, or any part thereof, prior to his arrival at thirty years of age, and declared that any sale, conveyance or mortgage of the same, or any part thereof, made by him prior to his arriving at thirty years of age should be absolutely null and void, and in case he should make such a conveyance of real estate devised to him, or any part thereof, the land or part thereof so sold or conveyed or mortgaged should at his death go and descend to the lawful issue of his body if any should

survive him, but if none survived him, then to his brothers
and sisters surviving him, in equal parts. The estate was
not devised to endure only until the happening of some con-
tingency independent of the estate devised, but the devise
was in fee simple, followed by a limitation over upon a
breach of a condition which was to cut down and destroy
the estate devised. The testator declared that a conveyance
by the devisee should be absolutely null and void, which,
if taken by itself, meant that his deed would convey noth-
ing, but the devise over on breach of the condition was to
take effect at his death, so that the apparent intention of the
testator was that upon breach of the condition the estate
of the devisee was to be reduced to a life estate, and the
grantee would acquire an estate *pur autre vie* for the life
of the devisee, with a contingent executory interest there-
after to lawful issue surviving the devisee, or in default of
such issue to surviving brothers and sisters, if there should
be any. The devisee left surviving issue, so that the effect
of the devise, if the condition was valid, was that the devi-
see was given a fee simple absolute with a restraint upon
alienation until thirty years of age, and upon breach of the
condition a future contingent interest was limited to issue
or brothers and sisters surviving. The devise was not with-
in any known definition of a determinable fee.

The devise was of a fee simple estate, with all the legal
consequences which the law annexes to such an estate. The
condition was not precedent, which is a condition which
must happen or be performed before the estate could vest
or be enlarged into a fee simple absolute, but the devise
was of a present fee simple estate in possession, and the
condition was a subsequent one, by the breach of which
the estate already vested would be defeated. It is frankly
conceded by counsel for appellants that a general and total
restraint upon alienation of such an estate is void and that
the estate vests freed from the condition, but it is contended
that this devise is not within the rule because the restraint

was for a definite, reasonable time. At common law the rule was that no condition or limitation containing in it matter repugnant to the estate granted was good, and if the condition was subsequent the estate to which it was annexed was absolute and the condition void. But there were conditions which were not regarded as repugnant to the estate. (Sheppard's Touchstone, 129-131.) There still may be a condition which will not be repugnant to the estate, as in the case of *Dee* v. *Dee,* 212 Ill. 338, where there was a condition against partition but no restraint upon alienation of undivided interests. The condition in this case was not of that character, and there has been no case in which a distinction has been made because the restraint was for a limited time. In *Steib* v. *Whitehead,* 111 Ill. 247, where there was a devise in trust with provisions for the protection of testator's daughter against her debts and improvidence, the court recognized the rule that upon the absolute transfer of an estate the grantor cannot, by any restrictions or limitations contained in the instrument of transfer, defeat or annul the legal consequences which the law annexes to the estate, and if upon the transfer of an estate in fee the conveyance should make provision that the grantee should have no power of disposition over it, the provision would clearly be inoperative and void.

In *Jones* v. *Port Huron Engine and Thresher Co.* 171 Ill. 502, there was a devise of real estate expressed to be in fee simple but subject to the restriction that the devisee should have no power to sell or mortgage or create any lien upon the same, or any part thereof, for thirty years after the decease of the testator. The court said such a grant of a fee simple and an attempt to prevent certain consequences of the ownership of property attaching thereto, whether by way of condition or devise over, although for a limited time, is void as repugnant to the estate devised to the first taker by depriving him during that time of the inherent power of alienation, citing *Steib* v. *Whitehead,*

*supra,* as holding that doctrine, and also *Potter* v. *Couch,* · 141 U. S. 315, and *Mandlebaum* v. *McDonnell,* 29 Mich. 78, hereinafter referred to.

In *Henderson* v. *Harness,* 176 Ill. 302, it was said that the court recognized·and adhered to the fullest extent to the principle announced in *Steib* v. *Whitehead, supra,* and that the rule is that a restriction by way of condition or devise over against alienation of an estate in fee is void.

In *Bowen* v. *John,* 201 Ill. 292, the testator provided that neither of the tracts of land devised, nor any part thereof, should be sold or mortgaged or otherwise incumbered during the life of the devisees unless it should become absolutely and indispensably necessary for their support, and the court said that the testator, after having devised an estate in fee simple, could not take from the estate the right of the owner to alien it, for that would be to grant an estate in fee simple and then prevent the consequences of ownership in fee from attaching thereto, which the law would not permit to be done.

In *Muhlke* v. *Tiedemann,* 177 Ill. 606, the testator devised his property to his wife subject only to the restriction and prohibition that she should not mortgage or convey the same, or any part thereof, without the written consent of two named persons or of the survivor, and the court held that the restriction upon the power of alienation was without legal force, as such power is a necessary incident to absolute ownership.

In *Hunt* v. *Hawes,* 181 Ill. 343, there was a devise for life with power to convey the fee and a subsequent clause restricting the right of alienation, and it was held that the restriction was repugnant to the estate vested and absolutely void.

In *Little* v. *Bowman,* 276 Ill. 125, it was again decided that a clause in a will limiting or qualifying a fee simple estate devised in a preceding clause by attempting to restrain the devisee from alienating the estate is repugnant to the

interest devised and void and the devise will be sustained free from the condition.

There have been cases sustaining conditions against alienation to a particular person, but the contrary was held in *Jenne* v. *Jenne,* 271 Ill. 526, where the testator by the twelfth clause of his will positively and absolutely forbade anyone who received any amount from his estate to present, give, donate or share up any part of the money to Samuel Senn or his wife, Bertha Senn, and if that should occur there was a devise over to the legal heirs of his three half-sisters in Germany. The court said that a testator can bequeath and devise property by will or not, as he sees fit, but if he makes an absolute gift of such property he cannot by another clause in his will restrict the free use or right to dispose of such gift.

In *Potter* v. *Couch, supra,* the testator devised his estate to executors in trust for twenty years and provided that no part of it should be sold or incumbered until the end of twenty years after his death, and no creditor, assignee or purchaser should be entitled to any part of the bounty given the persons named. A subsequent clause provided that in case any legatee should in any manner cease to be personally entitled to the devise or legacy intended for him, such share should go to his children, and in the absence of children to the testator's daughter and her heirs. The court held the limitation or devise over void because the right of alienation is an inherent and inseparable quality of an estate in fee simple, and therefore a condition against all alienation is void as repugnant to the estate devised, and a limitation over in case the first devisee shall alien is also void.

In *Mandlebaum* v. *McDonnell, supra,* the testator devised real estate which he directed should remain unsold until a certain devisee became twenty-five years old, or in case of his death it should not be sold for twenty-one years

after the testator's death. The court held the estate devised was a fee simple absolute and the restrictions upon alienation were void, and that there is no difference whether there is a limitation over or not.

In *Lunt* v. *Lunt*, 108 Ill. 307, and *Chapman* v. *Cheney*, 191 id. 574, the question considered was whether devises were obnoxious to the rule against perpetuities, and it was held that the estate was vested and would ripen into a title in fee simple absolute in the future and being vested was not subject to the rule. In *Christy* v. *Pulliam*, 17 Ill. 59, the testator made a devise of lands to his wife with power to dispose of the same at her death to any person she might think best to live with her and take care of her. The devise was for her natural life, with power to convey a fee, at her discretion, to make provision for herself until her death. These cases have no relation to the question here, where the single question is whether the restraint upon alienation was valid or void.

It will be seen from the foregoing review of cases in this court that no distinction has ever been made between cases where the devisee was entirely prohibited from alienating his estate and cases where he was deprived of an essential quality of the estate for a limited time. Neither is there any distinction, on principle or authority, based upon the limitation over on a breach of the condition so that the testator designates who shall take the estate, or the want of such a limitation so that the estate goes to the testator's heirs. In fact, in *Davis* v. *Hutchinson*, 282 Ill. 523, where there was a restraint on alienation, the testator declared the legal consequence that the estate should descend to his heirs-at-law.

The decree is affirmed.                    *Decree affirmed.*

Mr. Justice Thompson took no part in this decision.