## FAILOR v SCHMIEDEL et

Ohio Appeals, 9th Dist, Summit Co

No 2357.   Decided Nov 28, 1934

Burroughs & Burroughs, Akron, for plaintiff.

Motz & Morris, Cuyahoga Falls, for defendants.

**OPINION**

By STEVENS, J.

A solution of the issue presented requires a construction of the terms of the will of Henry Schmiedel.

The cardinal principle governing the construction of wills is the determination of the intention of the testator from the words used by him in his will.

What did the testator mean when he said "All my property * * * shall go to my wife to be hers so long as she bears my name"?

No authority has been cited by counsel for any of the parties wherein courts have construed the precise words here used.

It seems apparent to us, however, that when the testator used the words "so long as she bears my name," he meant so long as she remained his widow.

If that be true, then we have a case in Ohio which, in our opinion, is decisive of the question as to what estate the widow took under the will, viz., **Fetter v Rettig**, 98 Oh St 428, the syllabus of which is as follows:

"A testator used the following language in his will:

" 'I give, devise and bequeath to my beloved wife, M.F., so long as she remains my widow, my entire property both real and personal, wherever it may be situated,

" 'I do further devise to my said wife, in case she may desire so to do, the power to sell any of my real estate and deed or deeds to the purchasers thereof execute and deliver and thereby convey any or all of my real estate in fee simple to the purchaser or purchasers thereof and to their heirs and assigns forever.'

"**Held:** That under this will the widow took only an estate for life, subject to be terminated on remarriage, and, not having remarried, and being now deceased, the real estate so devised to her passes to the next of kin of the testator as an estate of remainder in fee simple."

We are aware that the conclusion reached in that case is violative of some of the well-recognized canons of construction followed elsewhere, and quoted with approval by many text-writers, but we believe that the law stated by the Supreme Court therein is conclusive upon this court.

We therefore hold that, under the wording of this particular will, the widow took only a life estate, subject to be terminated upon her remarriage, and, not having remarried, and being now deceased, the real estate passed to the next of kin of the testator as intestate property, unless item 3 be held to govern in the event of the death of the widow.

We are not in accord with the contention of counsel for defendants with reference to the third item of said will governing in the event of death. That item pertains to one contingency only—i.e., remarriage—and in our opinion cannot be construed to contemplate any other event without doing violence to the plainly expressed meaning of the words used. Moreover, the executory devise under item 3 of the will under consideration, is contingent, and could not vest until the contingency therein provided for (i.e., remarriage) occurred; only then could there be an ascertainment of the persons in whom the contingent remainder should vest, they being, by the express terms of the will, the children living at the time of the happening of the event terminating the prior estate.

A decree may be drawn granting to plaintic the relief prayed for in the petition, in accordance with the agreement of counsel expressed in open court.

Exceptions to defendants.

WASHBURN, PJ, and FUNK, J, concur in judgment.