the law of this state, held in the opinion on page 619 as follows:

"But when the suspension is without express conditions, as in this case, it is within the power of the court to set aside the suspension at any time during the same term, on its own motion, and to order the sentence to be executed."

In the case here under consideration, there were express conditions upon which the defendant was afforded probation, and the order revoking probation was not in the same term of court. It is clear, therefore, that *Weber* v. *State, supra,* is not in point in the instant case when the facts are totally different and the statutes enacted since the date of such decision have completely modified the common-law rule.

For the foregoing reasons the judgment is reversed and the cause remanded for further proceedings according to law.

*Judgment reversed.*

MORGAN, J., concurs.
LIEGHLEY, J., dissents.

WETZEL ET AL., APPELLANTS, *v.* BESECKER ET AL., APPELLANTS; BESECKER, APPELLEE.

(No. 643—Decided November 15, 1945.)

.*Messrs. Murphy & Staley,* for appellants.
*Messrs. King & Young,* for appellee.

WISEMAN, J. This cause comes before this court from the Common Pleas Court of Darke county, Ohio, on an appeal on questions of law.

This is a will construction suit in which the two plaintiffs, being two children of the testator, brought an action against the widow of testator, a third child and one of the executors named in the will, for a declaratory judgment as to the true construction and interpretation of the will of M. M. Besecker who died testate a resident of Darke county, Ohio, on the 10th day of June, 1925. The will was executed on the 17th day of

March, 1925, and was duly admitted to probate by the Probate Court of Darke county, Ohio, on the 27th day of June, 1925. The record shows that no executor has been appointed or qualified to administer the estate.

The will of the testator, insofar as it is pertinent to this case, is as follows:

"First—My will is that all my just debts and funeral expenses shall be paid out of my estate, as soon after my decease as shall be found convenient.

"Second—I give, devise and bequeath to Clara E. Besecker my beloved wife all my chattels monies credits, and my farm of 81.93 acres in Harrison township, Preble county, Ohio, and all real estate that I may have at my decease, to be hers as long as she remains my widow should she remarry she to have one half of my real estate and the other half to be equally divided among my three children Mrs. Alva Rhoades, Walter Besecker, and Miriam Besecker, should either heir die without children their share to go to the other two.

"3rd. And should any heir object to my will they shall forfeit their share.

"4. I hereby nominate and appoint Clarence Rhoades and Walter Besecker to be my executors without bond and appraisement and the court so instruct.

"I also request that my executors shall care for my widow and property.

"5th. I empower my executors to sell my real estate to the best of their ability and I also empower them to make deed to same. I also empower my executors to make all settlements of claims and collections."

Plaintiffs in their petition allege that they are in doubt as to the true, construction of the will in the following particulars:

"(1) What estate, if any, is given by item 2 of said will to the defendant, Clara E. Besecker?

"(2) What estate, if any, is given to the children of said testator, the plaintiffs and the defendant, Walter Besecker?

"(3) What right, if any, does the defendant, Clara E. Besecker, have to use said property for her care, support and maintenance?

"(4) How and when may the real estate mentioned in item 2 of said will be disposed of, and by whom?"

The principal question for the court to determine is the character of the interest taken by the defendant, Clara E. Besecker, the widow of the testator.

It is contended by counsel for the plaintiffs that the widow took an absolute fee in an undivided one-half of the property, and a defeasible fee in the remaining one-half thereof, the fee in the remaining one-half to be defeated only in the event of her remarriage.

The cardinal rule for the court to follow in all will construction cases is to ascertain the intention of the testator. Rules of construction, which the courts have worked out, are rules which are intended to assist the court in ascertaining the intention of a testator. Counsel for the plaintiffs rely very strongly on the presumption that a testator is never intended to die intestate. While there is a presumption against intestacy, there is also a presumption in favor of the heir. In 2 Page on Wills (Lifetime Edition), 854, Section 928, the text is as follows:

"Every reasonable construction in the will must be made in favor of the heir at law; and he can be disinherited only by words which produce that effect clearly and necessarily, either by express terms or by necessary implication."

Again on page 855, the text is as follows:

"The presumption against intestacy is of no greater force than the presumption in favor of the heir.

"The presumption in favor of the heir is of no greater force than the presumption against intestacy."

For this court to hold that the widow took a defeasible fee would require the court to insert for the testator a very necessary dispositive clause which has been omitted from the will. The testator failed to pro-

vide in his will where the estate should go on the death of the widow in the event she did not remarry. The court is powerless to supply a provision to overcome this defect.

What interest did the widow take? The law of Ohio is fairly well settled that when a testator gives an interest in his estate to his widow "so long as she remains my widow," the widow takes a life estate. The life estate is known as a "determinable" life estate for the reason that it is terminated upon her remarriage. See *Fetter* v. *Rettig,* 98 Ohio St., 428, 121 N. E., 696; *Failor* v. *Schmiedel,* 18 Ohio Law Abs., 106; *Eastman* v. *Sohl,* 66 Ohio App., 383, 34 N. E. (2d), 291; 41 Ohio Jurisprudence, 760, Section 640.

This court may very well adopt and apply to the facts in this case, the language used by Judge Nichols in *Fetter* v. *Rettig, supra,* on page 431:

"There is nothing in the will under consideration that would justify the holding that the intention of the testator was to give his widow an estate in fee simple. Such a construction would require the court to ignore the significant and express limitation in the will, that her interest in the property was to be circumscribed within the limit of her widowhood."

This court has been favored with a copy of the well reasoned opinion by Judge Marshall of the lower court, and has no hesitancy in approving the conclusions reached by the trial court.

Answering the questions propounded in the order stated, this court concludes that under item 2 of the will, the defendant, Clara E. Besecker, widow of testator, took a life estate in all the real estate of the testator so long as she remains unmarried. In the event of her remarriage, said life estate will be terminated and she will take one-half interest in the real estate in fee simple, and the other one-half is given to testator's three children, Mrs. Alva Rhoades, Walter Besecker and Miriam Besecker Wetzel, share and share alike.

The court further finds that should Clara E. Besecker, the widow, remarry, the interest taken by the children hereinbefore named, is a "determinable" or "defeasible" fee estate: The interest of each child may be defeated in case of his or her death without children, in which event the deceased child's share shall go to the surviving children of the testator.

The court finds that in the event Clara E. Besecker, widow of testator, should die without remarrying, the fee simple title to the real estate would descend as intestate property for the reason that the testator made no disposition of his estate if such a contingency should arise.

The court further finds that there is no provision in the will of testator giving the right to the widow, Clara E. Besecker, to consume any part of the property for her care, support and maintenance. The words used by the testator in item 4, as follows: "I also request that my executors shall care for my widow and property," do not confer any right on the widow to consume any portion of the corpus of the estate. This court expressly holds that the widow is entitled to a life estate and as such is entitled to use only the income from the estate.

The court further finds that the power of sale given to the executors in item 5 of the will can be exercised only by the executors for the purpose of paying debts of the estate.

The court also approves the judgment of the trial court in the apportionment of the costs of this proceeding against the plaintiffs and defendants, Clara E. Besecker and Walter Besecker, in equal portions.

The judgment of the trial court is affirmed on all matters in issue.

*Judgment affirmed.*

HORNBECK, P. J., and MILLER, J., concur.