RAE CAIN *et al.*, Plaintiffs-Appellees, v. BARBARA FINNIE, as Ex'r of the Estate of Blanche Spurlock, Deceased, Defendant-Appellant.

Fifth District    No. 5—02—0150

Opinion filed February 21, 2003.

Donald V. Ferrell and Thomas J. Foster, both of Jelliffe, Ferrell, Morris, Doerge & Foster, of Harrisburg, for appellant.

Robert C. Wilson, of Wilson & Cape, of Harrisburg, for appellees.

JUSTICE DONOVAN delivered the opinion of the court:

We are presented with the task of interpreting a simple, one-line will, the likes of which still create a split among authorities. In this instance, the circuit court of Saline County agreed with the plaintiffs' interpretation and granted their motion for a summary judgment. The defendant appeals, and we affirm.

In 1949, C.E. Spurlock died. His will, as admitted to probate, provided in its entirety as follows: "I, C.E. Spurlock, leave all my property and holdings to Blanche Spurlock so long as she remains my widow." Blanche Spurlock never remarried and died as the widow of C.E. Spurlock in 1986. Barbara Finnie (defendant) is the daughter of Blanche and C.E. Spurlock. Rae Cain, Sue Jones, Grattena Ponce, and

Erma Farley (plaintiffs) are the grandchildren of C.E. Spurlock from his first marriage. They are not heirs of Blanche Spurlock. The real property at stake consists of approximately 200 acres in Saline County.

On July 23, 1997, plaintiffs filed their complaint to quiet title to the real property. They subsequently moved for a summary judgment on the first count of their complaint. They requested that the court declare that C.E.'s will devised to Blanche only a life estate in the 200 acres. Defendant filed a cross-motion for a summary judgment and requested that the court declare that the will devised a determinable fee in the property to Blanche which ripened into a fee simple absolute at the time of her death. The court granted plaintiffs' motion for a summary judgment, declaring that it had been the intent of C.E. to devise a life estate in the property to Blanche.

■ We initially note that a summary judgment should be entered when the pleadings, depositions, and admissions on file, together with any affidavits, show that there is no genuine issue on any material fact and that the moving party is entitled to a judgment as a matter of law. *In re Estate of Lind*, 314 Ill. App. 3d 1055, 1057, 734 N.E.2d 47, 49 (2000). A trial court's ruling on a motion for a summary judgment is subject to *de novo* review. *In re Estate of Lind*, 314 Ill. App. 3d at 1057, 734 N.E.2d at 49.

■ We further note that when a court construes a will, the challenge is to ascertain the testator's intent and, provided that intention is not against public policy, give it effect. *In re Estate of Miller*, 230 Ill. App. 3d 141, 145, 595 N.E.2d 630, 632-33 (1992); *Raasch v. Meier*, 171 Ill. App. 3d 226, 230, 524 N.E.2d 1206, 1208 (1988). While the language itself is the best proof of the testator's intent (*In re Estate of Lind*, 314 Ill. App. 3d at 1058, 734 N.E.2d at 50), when a latent ambiguity exists, evidence extrinsic to the will, such as the circumstances under which the instrument was drafted and the state of the testator's property and his family, may be utilized (*In re Estate of Miller*, 230 Ill. App. 3d at 145-46, 595 N.E.2d at 633; *Raasch*, 171 Ill. App. 3d at 230, 524 N.E.2d at 1208). Accordingly, we first turn to the language of the will itself.

■ The critical phrase in C.E.'s will is "so long as she remains my widow." At first glance, one would believe that C.E. devised to Blanche a life estate in the property on the condition she never remarry. See, *e.g.*, *Wiltfang v. Dirksen*, 295 Ill. 362, 129 N.E. 159 (1920); *Mulberry v. Mulberry*, 50 Ill. 67 (1869); see also *Wetzel v. Besecker*, 77 Ohio App. 235, 64 N.E.2d 602 (1945). The ambiguity arises because there is no gift-over to others of the remainder interest upon the death of Blanche. Normally, when only a life estate is intended, a gift-over provision is included. See, *e.g.*, *Kratz v. Kratz*, 189 Ill. 276, 59 N.E. 519 (1901);

*Green v. Hewitt*, 97 Ill. 113 (1880). Some courts have concluded that when no gift-over provision exists, the devise created a fee simple determinable or determinable fee simple. See, *e.g.*, *Becker v. Becker*, 206 Ill. 53, 69 N.E. 49 (1903); see also *Anderson v. Anderson*, 150 Or. 476, 46 P.2d 98 (1935). A fee simple determinable is a fee simple estate that has a condition or contingency attached thereto and that must be determined whenever the condition or contingency annexed to it is at an end, being a fee for the reason that it may last forever if the contingency does not happen but it could terminate because its duration depends upon collateral circumstances which qualify or debase it. See *McIntyre v. Dietrich*, 294 Ill. 126, 130, 128 N.E. 321, 322 (1920); *Mahrenholz v. County Board of School Trustees*, 93 Ill. App. 3d 366, 375, 417 N.E.2d 138, 145 (1981). The condition or contingency upon which the fee simple estate would terminate in this instance, Blanche remarrying, never occurred, because she remained C.E.'s widow for the remainder of her lifetime, and it can never occur, because Blanche is now deceased. The language of C.E.'s will clearly supports both interpretations. We therefore turn to extrinsic evidence, and this is where defendant loses.

Defendant offered absolutely no evidence to show the circumstances under which the will was made or the relationship of the family members, particularly the offspring from C.E.'s first marriage. Plaintiffs, on the other hand, specifically alleged in their complaint that Blanche in her will, which was dated October 13, 1961, and was admitted to probate in 1986, acknowledged that she only held a life estate to the property, with the remainder interest being left to all of the children equally. Plaintiffs further alleged that since 1990 defendant has recognized plaintiffs as heirs of C.E. Spurlock's estate with an interest in the property. Plaintiffs point out that the property was inventoried in Blanche's estate, and plaintiffs objected at that time to the property being so inventoried, on the basis that Blanche held only a life estate in the property. Defendant admitted each of these allegations in her answer. Plaintiffs next alleged that after making demands for an accounting, plaintiffs began receiving accountings for the rents and profits from the property. Plaintiffs also asserted that in 1995 they shared in the losses incurred from the property and that it was only after timber was cut from the property that defendant no longer recognized them as heirs. Defendant's response to such allegations, other than a general denial, was that any sharing of profits was a gift.

■ We further note that when a court construes a will, the presumption is against disinherison. *Mokros v. Blackman*, 312 Ill. App. 346, 355, 38 N.E.2d 514, 518 (1941). A testator's heirs cannot be

disinherited on mere conjecture, and when the testator seeks to disinherit them, he must express his intention clearly, either by express words or necessary implication. *Vollmer v. McGowan*, 409 Ill. 306, 312-13, 99 N.E.2d 337, 340 (1951). To follow defendant's interpretation in this instance requires conjecture that C.E. intended to disinherit any offspring from his first marriage. The extrinsic evidence set forth supports plaintiffs' interpretation of C.E.'s will, as well as the court's ruling. Given that Blanche herself considered her interest in the property to be only a life estate, we cannot say, under such circumstances, that the court erred in similarly interpreting the intent of the will and in granting a summary judgment in favor of plaintiffs.

For the aforementioned reasons, we affirm the judgment of the circuit court of Saline County.

Affirmed.

GOLDENHERSH and CHAPMAN, JJ., concur.