WILLIAMS *et al.*, *Appellants*, v. CITY OF ST. LOUIS.

Division Two, February 27, 1894.

1. **Highway:** ENCROACHMENT: TITLE. An encroachment by an adjoining owner upon a highway by mistake does not confer title.

2. **Limitation:** LAND DEDICATED TO PUBLIC USE. The statute of limitations in force since 1865 (G. S. 1865, p. 746, sec. 7), does not apply against a city to land dedicated to public use.

*Appeal from St. Louis City Circuit Court.*—HON. DANIEL DILLON, Judge.

AFFIRMED.

*W. B. Homer* for appellant.

(1) The plaintiffs were in peaceable possession of their property at the time of the service of the notice by the defendant, requiring them to move their fences,

houses, etc., and this possession raises a presumption of their right to such possession and their title to the property so possessed. The burden, therefore, of proving that the plaintiffs are not entitled to maintain such possession rests upon the parties who would disturb such possession. Therefore, the burden in this case rests upon the defendants, and not the plaintiffs. Wharton on Evidence [3 Ed.], sec. 1287, p. 465; *Marston v. Rowe*, 43 Ala. 271; *Currier v. Gale*, 9 Allen (Mass.), 522. (2) The plaintiffs having established their ancient possession at various dates from 1855 to 1862, it will be presumed that such occupancy continued until the contrary is shown. Cases cited *supra*. (3) There is nothing contrary to the claims of plaintiffs in the fact that their deeds called for five hundred and six feet. The same was the fact in *Ins. Co. v. St. Louis*, 98 Mo. 422. (4) Prior to 1865 possession ran against a municipal corporation in the same way as against private individuals, and it was not necessary that ten years' possession should have been maintained and completed before 1865. *Callaway County v. Nolley*, 31 Mo. 393; *Ins. Co. v. St. Louis*, 98 Mo. 422; *Miss. Co. v. Vowels*, 101 Mo. 225. (5) The plats of Cheltenham Place filed May 11, 1853, and June 20, 1853, are void for the reason that it is impossible to locate the same, and for the further reason that the courses of the streets and their boundaries are not indicated on said plats. R. S., secs. 7309, 7312; *Cass Co. v. Oldham*, 75 Mo. 50; *Gatewood v. House*, 65 Mo. 613. (6) The property of plaintiffs having been conveyed prior to the execution and filing of the plat of June 20, 1853, the action of the city in condemning plaintiff's property on a basis of allowing a fifteen foot alley on the south when the plat only called for a ten foot alley, renders all of the acts of the city in this matter void. (7) A city has made no offer of compensation to the

plaintiffs nor is there any proof by what authority they assume to remove plaintiffs' houses and property.

*W. C. Marshall* for respondent.

Plaintiffs are not entitled to claim the twenty foot excess on the south line of Cheltenham avenue, because: *First*. None of the plaintiffs began their possession prior to 1866. *Second*. The plaintiffs' grantors did not convey to them any right to the possession thereof, either present or inchoate. *Third*. All of the owners of property on the south line of Cheltenham avenue have all of the property which they purchased and which their deeds call for. *Fourth*. There is no evidence of any adverse possession by plaintiffs or their grantors of the twenty feet excess, but, on the contrary, they have all claimed what they believed to be the true line of their lots, and it is well settled law in this state that: "Where one of two adjoining land proprietors builds a fence upon what he supposes is the true line, and takes possession of the land so inclosed, without claiming or intending to claim beyond the true line when afterward ascertained, his possession of a part of the adjoining owner's land included in the inclosure, is not adverse." *Goltermann v. Schirmeyer*, 111 Mo. 404; *Schad v. Sharp*, 95 Mo. 574; *Jacobs v. Moseley*, 91 Mo. 457; *Tamm v. Kellogg*, 49 Mo. 118; *Thomas v. Babb*, 45 Mo. 384.

GANTT, P. J.—This is a proceeding by injunction to restrain the city of St. Louis and its officers, from removing obstructions placed by plaintiffs in Cheltenham avenue. The plaintiffs are the owners of certain lots fronting north on said avenue, on the south line thereof and between Pierce and Sublette avenues, in said city. The lots of plaintiffs are only described in

the petition by their frontage in feet on Cheltenham avenue. Their depth is not given.

It is averred that in 1852, one Thomas Gray was the owner of a tract of land known as Gratiot League Square, one thousand, one hundred and fifty-seven feet deep from north to south and one thousand, one hundred and eighty-eight feet, from east to west, containing thirty-one and fifty-five one-hundredths acres, in St. Louis county, Missouri; that on or about May 11, 1853, he subdivided and filed a plat of said land in the recorder's office of St. Louis county, dedicating therein to public use as a street or public highway said Cheltenham avenue; that in 1853 said Gray and wife sold the property, now owned by the several plaintiffs, to different parties and placed them in possession thereof, and that they have remained in possession ever since until a few months prior to the commencement of this injunction, without objection from the city or any one else; that on or about the eleventh day of May, 1853, said Gray established the line of said Cheltenham avenue, giving the same a width of sixty feet; that the line so established remained as fixed by him until about the commencement of this suit, and trees were planted and fences built with reference thereto.

Plaintiffs then aver that the city through its marshal had notified them they were encroaching upon said street and warned them to remove their houses, fences and other obstructions from twenty feet of ground claimed by said city as a part of said Cheltenham avenue and by plaintiffs as belonging to them as a part of their lots fronting on said avenue. The answer was a general denial. A preliminary injunction was granted August 1, 1891, which was dissolved on a final hearing, April 5, 1892, from which plaintiffs have appealed to this court.

The evidence shows that on the eleventh day of

May, 1853, Thomas Gray subdivided and platted his said property and dedicated the streets and alleys to public use forever. On the twelfth day of June, 1853, Thomas Gray filed for record an amended plat of the same property which was the same as the plat of May 11, 1853, except that lots 17, 18, 19 and 20 on the corner of Cheltenham avenue and the fifty foot street on the east of the first addition were subdivided into lots fronting on Cheltenham avenue and other lots subdivided and made to front east on Sublette avenue, and other lots were made to front west on Pierce avenue.

This contention originates in the fact, that whereas said plats of Gray only cover a distance of eleven hundred and seventeen feet from south to north, it now appears by actual measurement that Gray really owned eleven hundred and fifty-seven feet, so that it is claimed there is a surplus of forty feet to be divided between the lots south of Cheltenham avenue, and bounding the south line of said avenue, and the lots north of said avenue and south of Berthold, or Wise avenue. The fifteen foot alley along the whole southern line of said tract was dedicated before any deed was made except the deed to plaintiff Lillingston which is not in the record. The plats each designate the lots as five hundred and six feet deep, north and south. There is no question that each owner has received the full amount of the land conveyed by his deed, nor is there any question that Cheltenham avenue was sixty feet wide north and south as dedicated, but plaintiffs insist that they are entitled to move the south line of the street twenty feet further north, in order that they may appropriate this excess of twenty feet to which they claim to be entitled.

But this is not one of those cases where the surplus, or excess, can be distributed *pro rata,* because

this highway, Cheltenham avenue, was laid out, and made the boundary on the north of plaintiffs' lots. The southern line of the avenue is just five hundred and six feet north of the north line of the fifteen foot alley on the south. Now if they had not obtained their full number of feet, they would be bound by the fixed boundary of the street on the north. The stones placed in the south line of Cheltenham avenue from Sublette to Pierce are all five hundred and six feet north of the alley on the south, so that these plaintiffs have the exact amount of land their deeds call for, and within the exact permanent boundaries indicated by the plats. To permit them to move the south line of the street twenty feet further north, would of necessity, either reduce the street twenty feet in width, or compel the owners on the north side of the street to move back twenty feet. Of the sixteen owners on the south side of Cheltenham avenue all but five have conformed to the line indicated by the stones set on the south line of the avenue. The five who have not, have extended their improvements north since 1866 on the theory that they are entitled to the twenty feet in excess.

It must be apparent that it would create great confusion if individual owners of lots could thus encroach upon the public highways, designated by fixed monuments, duly recorded in the public records. This was not a highway merely upon paper. The plaintiffs themselves recognized that this was the highway. This bill is evidently drawn on the theory that they could show that they had conformed to Gray's plat. The evidence greatly preponderated in favor of the city, on the question of occupation of any part of this street, by any of the plaintiffs prior to 1866. The oldest house was built in 1867. The evidence as to the six or eight trees does not disclose whether they were set out before or after the plat was

made. The plaintiffs all claimed only to the south line of Cheltenham avenue. That they encroached upon it by mistake does not give them a title.

The statute of limitation is no bar to the right of the city to this street, dedicated to the public use since 1865. Gen. Stat. 1865, p. 746, sec. 7; R. S. 1879, sec. 3227.

This is a case where the plats were duly recorded. We can not agree with the counsel for plaintiffs that the plats are void for uncertainty, and certainly after basing all their claims upon these plats, and founding their claim to this twenty feet of excess, upon the theory that Gray intended to include it in the plats, they will not be heard in a court of equity to dispute the validity of these grants. The judgment of the circuit court is affirmed. All of this division concur.