CITY OF HARDIN v. LAFAYETTE FERGUSON et al., Appellants.

### Division One, July 2, 1917.

1. **DEDICATION:. To Unincorporated Town.** A dedication of land to a public use by recording a plat showing such dedication to an unincorporated town is legally effective, although at the time there is no corporate entity or artificial grantee in whom the title is vested.

2. ———: **Elements: How Shown.** It is of the essence of a dedication that it should appropriate the land for public use and that such should be the intent of the owner and that it should be accepted by the public. It may be effected without any writing, and all its elements may be shown by positive or circumstantial evidence of acts *in pais.*

3. ———: **Acceptance: Revocation.** The due filing and recording of a plat designating the streets, alleys and subdivisions of a town, embracing but not subdividing a small strip lying between the designated lots and a railroad, the incorporation of the town as a village immediately thereafter, and the making use of the strip by the town by the erection of a jail and public hitch racks and by the planting of trees thereon and by its continued use for those and other public purposes, showing an acceptance by the town of the trust on behalf of the public, constituted a complete dedication of the strip to public use, and being complete was irrevocable.

4. ———: **Estoppel: Inclusion in Subsequent Dedication.** If the recorded plat and the acceptance by the city constituted a complete dedication, the city did not lose its title because a portion of the dedicated strip was included in an addition subsequently laid out by one of the signers of the original dedication.

Appeal from Ray Circuit Court.—*Hon. F. P. Divelbiss, Judge.*

AFFIRMED.

*George W. Crawley* and *J. L. Farris, Jr., & Sons* for appellants.

(1) The city, not having been organized at the time the plat was filed, and there being nothing indicative on the plat of the purpose for which it was left, it was error for the court to treat such land as having been dedicated. The persons reserving the land could do with that as they saw fit. (2) The city did not acquire the strip of ground south of its roadway running east and west in front of blocks 12 and 13, and north of the railroad right of way, by adverse possession. It has never been fenced, except a portion of that south of block 13, which was fenced by others, nor has it ever had the open, notorious, adverse and peaceable possession of any parts of this strip of ground as against the world, excepting the two streets crossing the railroad and the one street sixty feet in width south of said block where the city has kept its public road, and worked the same. The evidence shows that other parties have, at times, and continuously been in possession of parts of all this strip before the organization of the city and after the filing of the plat, as well as ever since. Therefore, the court was in error in sustaining the claim of the city. (3) Ferguson acquired a portion of his lands through the deed of McGinnis, and the court should have ascertained and determined the same. (4) The deed from the heirs of James Hughes to Cunningham conveys title to what interest James Hughes may have had, and the court erred in holding said deed void and of no effect. The court further erred, and we make the point that by the presentation of the plat signed and acknowledged by James Hughes, to the city council, and its approval, and by the recording of said plat in the office of the recorder of deeds, 1888, and permitting it to rest for all this time, in holding that said city was not estopped and precluded to assert claim against the very lands included in the plat. There was nothing on this plat to show the purpose of Hughes to dedicate it to the city for any purpose, but to the contrary it shows upon its face the purpose to set aside each lot as his in-

dividual property. Because of this the city is estopped now to set up claim.

*Garner, Clark & Garner* for respondent.

(1) The plat of the original town, coupled with the acts of user, control and supervision on the part of the respondent city, shows an intention on the part of the owners to dedicate and of the city to accept, for public uses, the land in controversy. California v. Howard, 78 Mo. 88; Buschmann v. St. Louis, 121 Mo. 523; Heitz v. St. Louis, 110 Mo. 618; McGrath v. Nevada, 188 Mo. 102; Naylor v. Harrisonville, 207 Mo. 341; Rose v. St. Charles, 49 Mo. 509; Connor v. Nevada, 188 Mo. 148; Price v. Breckenridge, 92 Mo. 378; Kimball v. Chicago, 253 Ill. 105; Arnold v. Weiker, 55 Kan. 110; Oregon City v. Oregon C. & R. Co., 44 Ore. 165; Kimball v. Chicago, 97 N. E. (Ill.) 257. (2) It is immaterial whether or not the town was incorporated at the date the plat was filed. School District v. Pointer, 102 Mo. 464. (3) Action of the board of aldermen can only be shown by the minutes and the action of the aldermen individually or in a private capacity cannot bind the city. Stewart v. Clinton, 79 Mo. 603; Viernow v. Carthage, 139 Mo. App. 276. (4) It was not necessary for respondent to show a perfect title against the world, but only a better title than appellants. Charles v. White, 214 Mo. 187; Dixon v. Hunter, 204 Mo. 382; Gage v. Cantwell, 191 Mo. 698; Graton v. Land Co., 189 Mo. 322; Harrison Co. v. Bowers, 200 Mo. 219; Toler v. Edwards, 249 Mo. 152. (5) The city is not estopped as against appellant by any negotiations he may have had with members of the board of aldermen acting in a private capacity, which is the only estoppel pleaded. See cases cited under point three; also Moses v. Dock Co., 84 Mo. 242; Webb v. Demopolis, 95 Ala. 13; Grooms v. Morrison, 249 Mo. 544; Dilbert v. D'Arcy, 248 Mo. 617.

BOND, J.—I. Plaintiff, the city of Hardin, sets up title to a certain strip of land about one hundred and fifty feet wide, lying between the Wabash Railroad

tracks and lots 8, 9, 10, 11, 12 and 13 of the original town of Hardin.

Various persons were joined as parties defendant, but on disclaiming any interest the suit was dismissed as to all but Lafayette Ferguson and J. W. Cunningham, who claim title and possession to that part of the strip lying south of lots 12 and 13.

The evidence shows that the title emanated through original grant from the United States and that all deeds introduced, both by the city and by the two defendants, run from a common source of title; that in 1869 the strip of land in controversy was dedicated to the town of Hardin by the then owners, Messrs. Shaw, Hughes, Spurlock, McGinnis and Porter; that in 1888 James Hughes (one of the signers of the dedication) platted and recorded an addition to the town of Hardin, block one of which appears to include the portion of the disputed strip lying south of Block 13 of the original town; that until the year 1912 there was no apparent dispute as to the ownership by the city of this entire strip of land; that for thirty years it had been used for public purposes; that the city had erected thereon the town jail; also public hitch racks; that trees had been planted on the western end and the open space had been used as a sort of city park, while from time to time various "shows" or circuses had been allowed to erect their tents there; that in the early years there was also a town well there, but that this had fallen into disuse.

There was also testimony to show that the city had run tiling through the greater length of the strip in order to drain it and make it usable; also that a street sixty feet wide had been run the entire length of the strip and at several points streets had been cut through which ran south over and across the tracks of the Wabash Railroad Company; that in the year 1912 the defendant Cunningham, in looking for land near the railroad tracks to be used for unloading purposes, approached the then mayor, Mr. Brunnsworth, to ascertain if he could use the portion now in dispute (i. e. that lying south of lots 12 and 13) and was told the matter would be taken up and

investigated. Later the mayor reported that the city held no title to this land and Cunningham then procured quitclaim deeds from the heirs of James Hughes and also Thomas McGinnis (both signers of the dedication).

The evidence also tends to show that he only paid a small price for the land; that later Cunningham leased a part of the land he had thus procured to John Shelton, who erected a barn thereon, which afterwards burned and never was rebuilt.

In 1914 the city instituted this suit to quiet its title to the entire strip. A jury being waived the court rendered judgment in favor of plaintiff and defendants appealed.

II. The questions presented by this appeal are whether the respondent city acquired the property in controversy by a valid dedication, either common law or statutory, and, if so, whether it is estopped to assert such title against defendant Cunningham by reason of the recording of the plat of Hughes's Addition in 1888. Taking these in order; the original plat of the dedication recorded in 1869 and prior to the incorporation of the town of Hardin in 1870, was not invalid for that reason, since the dedication of land to the public is legally effective, although at the time there is no corporate entity or artificial grantee in whom the title is vested. [Board of Regents v. Painter, 102 Mo. l. c. 469.] In this respect a dedication differs from a grant, which presupposes the existence of a competent taker of the estate conveyed. [13 Cyc. 439, par. 2 and cases cited.]

*Dedication of Land to Unincorporated Town.*

It is of the essence of a dedication that it should appropriate the land for public use and that such should be the intent of the owner and that it should be accepted by the public. It may be effected without any writing, not being within the Statute of Frauds, and all of its elements may be shown by positive or circumstantial evidence of acts *in pais*. [Heitz v. St. Louis, 110 Mo. 618; McGrath v. Nevada, 188 Mo. l. c. 107; Curran v. St. Joseph, 264 Mo. l. c. 659; Benton v. St. Louis, 217 Mo. l.

c. 705.]    In many states provision is made for plats of
and additions to villages and cities and the recording of
such plats.   These are termed   statutory   dedications.
[R. S. 1909, ch. 97, secs. 10290 et seq.; 13   Cyc.   440.]
Such dedications and their legal effect are controlled
wholly by the terms of the statute authorizing them, but
they do not in any way restrict the common-law power of
an owner to devote his land, or some easements therein,
to the use of the public.   Hence the rule is that a stat-
utory dedication imperfectly made will be held as valid
as a common law dedication if good as such.   [Rose v.
St. Charles, 49 Mo. 509.]   All dedications when complete
are irrevocable.

The record in this case shows the due filing and re-
cording in 1869 of a plat of Hardin which embraced the
land in suit.   That plat designates the streets, alleys and
subdivisions of the town, except that it does not subdi-
vide the small portion involved in this action.   The town
as laid off on the plat was then, or immediately after-
ward, incorporated as a village and made use of the por-
tion described in this suit for public purposes, as here-
tofore stated, from 1869 tc 1912, when the defendants
first asserted their claims.

Waiving the imperfection of this plat as a statutory
dedication, there is no escape from the conclusion that
it was a clear and unequivocal devotion of their proper-
ty made by the owners and signatories of the plat.   And
it is equally evident that the town of Hardin accepted the
trust to it on behalf of the public by manifold and
normal acts of user from 1869 to 1912, as shown in the
foregoing statement of facts.   Under the law this com-
pleted the dedication and invested the town with the title
to and easements in the land in trust to the public.
Hence there is no doubt that it should have recovered
against appellant Ferguson.

III.   It is urged, however, that the respondent mu-
nicipality is estopped to enforce its rights as to the lot
claimed by appellant Ferguson for that a portion of it
was described in a subsequent plat of an addition to the

town filed by the ancestor of the grantors, who quit-claimed to him. That view is untenable for the **Estoppel.** reason that since the first plat was a valid dedication, the city could not lose its title because a portion of the dedicated strip was included in an addition subsequently laid out by one of the signatories of the original dedication. Nor is there any evidence the city induced the defendants to take any steps to their prejudice by allowing the plat of the subsequent addition to be filed. Under the circumstances shown in the record no estoppel arose against the respondent city. [Clay Products v. St. Louis, 246 Mo. l. c. 461; Wright v. Doniphan, 169 Mo. l. c. 614; St. Louis v. Mo. Pac. Ry., 114 Mo. l. c. 24; Williams v. St. Louis, 120 Mo. 403; Blodgett v. Perry, 97 Mo. l. c. 273; St. Louis v. Gorman, 29 Mo. 593; Elliott on Roads & Streets (2 Ed.), sec. 884.]

It follows that the judgment in this case must be affirmed. It is so ordered.

All concur.