CITY OF HARDIN v. JAMES W. CUNNINGHAM et al., Appellants.

Division Two, December 15, 1920.

1. **TOWN COMMON:** Dedication: Title. A town plat, executed by the owners and recorded in 1869, showing blocks and streets, and a strip marked with the name of the town, which was thereafter understood by the town to be a common and acted upon by all persons concerned as town property, is sufficient to show title in the town to such strip, although the plat is vague.

2. **TITLE OF CITY**: Estoppel: Improvements by Strangers. The city, claiming title to a common by dedication, is not estopped, as against a railroad which claims it by gift, by the fact that it stood by and permitted various strangers to the title to erect valuable improvements on the land. Estoppel is available only to him who has been misled to his hurt, and to those who are in privity with him. If that plea were available to intruders or trespassers on the land, the railroad cannot shelter itself behind it.

3. ———: **Dedication: Language.** Where the plat of the addition shows that the owners meant to dedicate a certain strip thereof to the town as a common or park, and the town so understood it and acted upon it, and the strip has for more than forty years been recognized by all parties as city property, the language of the dedication is not material.

Appeal from Ray Circuit Court.—*Hon. Arch B. Davis,* Judge.

AFFIRMED.

*N. S. Brown, Lavelock & Kirkpatrick* and *S. J.* and *G. C. Jones* for appellants.

(1) The judgment of the trial court finding for plaintiff is erroneous in this, that the evidence fails to show that plaintiff had a legal title to the land in dispute. Without the legal title, plaintiff could not recover. Chaput v. Pickle, 250 Mo. 578; Adkins v. Adams, 256 Mo. 2; Carter v. Masey, 239 Mo. 518; St. Louis v. Blast Furnace Co., 235 Mo. 27; Nalle v. Thompson, 173 Mo. 614; Martin v. Kitchen, 195 Mo. 487. (2) The fact that the City of Hardin, its officers and representatives stood by and permitted the railroad company and its lessees to take possession of the land in controversy, erected valuable buildings and improvements thereon, at the expenditure of large sums of money, clearly worked an estoppel against it. Dunklin v. Chouteau, 120 Mo. 595; City of St. Joseph v. Railway Co., 268 Mo. 47; Town of Montevallo v. School District, 268 Mo. 217; St. Louis v. Railroad, 248 Mo. 10; Simpson v. Stoddard County, 173 Mo. 421; Reuter v. Lawe, 34 L.

R. A. 733; County of Boone v. Railroad, 139 U. S. 684, 35 L. Ed. 323; Peoria v. Central Natl. Bank, 224 Ill. 43, 12 L. R. A. (N. S.) 696. (3) The doctrine of equitable estoppel applies to municipal corporations the same as to individuals. Simpson v. Stoddard County, 173 Mo. 421; Dunklin County v. Chouteau, 120 Mo. 577; Town of Montevallo v. School District, 268 Mo. 217; County of Boone v. Railroad, 139 U. S. 684, 31 L. Ed. 323. (4) It cannot be seriously insisted that the plat or dedication signed January 10, 1869, by Hughes, Shaw, Spurlock and McGinnis and acknowledged by them and recorded in the county plat-book is valid or that any legal rights were acquired thereunder. It was surely absurd and impossible in its description. The property intended to be located therein could not be ascertained. R. S. 1865, sec. 1, p. 40; State ex rel. Braswell v. Tucker, 48 Mo. 531.

*M. M. Milligan* and *Garner, Clark, Milligan & Garner* for respondent.

(1) The plat, although it fails to definitely locate the land platted, is admissible in evidence, as color of title and as characterizing the nature of the city's possession. Laddonia v. Day, 265 Mo. 396. (2) The arrangement of the lots facing on this strip, the north-and-south streets extending through it, coupled with the fact that the city has kept the strip open to the public and the dedicators have not attempted to take possession or convey the property since the filing of the plat, conclusively shows an intention on the part of the dedicator to include this strip in the plat, and on the part of the city to accept it for public use. City of Hardin v. Ferguson, 196 S. W. 746; Buschmann v. St. Louis, 121 Mo. 535. (3) The plat of the original town, coupled with the acts of user, control and supervision on the part of the city, show an intention on the part of the owners to dedicate, and of the city to accept for public uses, the land in controversy. And this is so, although

the plat may not be sufficient as a statutory dedication. City of Hardin v. Ferguson, 196 S. W. 746; City of California v. Howard, 78 Mo. 88; Buschmann v. St. Louis, 121 Mo. 523; Heitz v. St. Louis, 110 Mo. 618; McGrath v. Nevada, 188 Mo. 102; Naylor v. Harrison-ville, 207 Mo. 341; Rose v. St. Charles, 49 Mo. 508; Conner v. Nevada, 188 Mo. 148; Price v. Breckenridge, 92 Mo. 378; Curran v. St. Joseph, 264 Mo. 659; Benton v. St. Louis, 217 Mo. 705; St. Louis Ry. v. Lindell Ry., 190 Mo. 246; Otterville v. Bente, 240 Mo. 291; Long-worth v. Sedevic, 165 Mo. 221; Tracy v. Battle, 213 Mo. 303. (4) The judgment in the former case is *res adjudicata* as to Cunningham and Ferguson. David-son v. Ins. Co., 249 Mo. 474; Emmett v. Aldridge, 231 Mo. 124. (5) The railroad acquired no title by adverse possession: First, because evidence is not sufficient; Second, because under the statute then and now it could so acquire only such property as was necessary in the actual construction and operation of the railroad. Laws 1886, p. 332; Sec. 3049, R. S. 1909; Third, be-cause it cannot so acquire property dedicated to public use. City of St. Louis v. Mo. Pac. Ry., 114 Mo. 13. (6) The City of Hardin is not estopped to claim title to the land in controversy.

WILLIAMSON, J.—The plaintiff, the City of Hardin, brought this suit against the defendant Cunning-ham, claiming that it was entitled to the possession of a certain strip of land described as follows:

"   .   .   .   Lying between the right of way of the Wabash Railroad and Block Thirteen of the original town of said City of Hardin and more particularly de-scribed as follows: Beginning at the northeast corner of Lot Nine in Block One of Hughes' Addittion to said City of Hardin, thence in a northeasterly direction parallel with the north line of a street called Main Street in said city to the west line of First Street in said city, thence south along the west line of First Street to the north line of the Wabash Railroad, thence

in a southwesterly direction along the north line of said right of way to the southeast corner of said Lot Nine, thence along the east line of said lot to the place of beginning, said strip of ground being three hundred feet long, east and west, and ninety feet wide, north and south."

Thereafter the Wabash Railway Company (hereinafter called the Wabash) was made a defendant, apparently because it claimed to be the owner of the lands in controversy and other lands similarly situated in Hardin, and filed an answer, as did the defendant Cunningham. Upon a hearing before the court, a jury having been waived, judgment was rendered in favor of the plaintiff and the Wabash has appealed.

The petition merely asserts that the plaintiff is entitled to possession of the lands described, that defendant unlawfully ousted it, and claims damages and "other and proper relief." The answer of Cunningham is a general denial. The answer of the Wabash is a general denial; a claim of title in itself; an assertion that plaintiff claims title under a dedication which is alleged to be void for indefiniteness; that the signers of the plat of the town of Hardin "offered" said lands to the North Missouri Railroad Company for a named consideration, namely, the construction of a railroad through said lands, which offer this defendant alleges "was accepted," and the railroad was duly built; that the Wabash is the successor in title to the North Missouri Railroad Company; a plea of various Statutes of Limitations, and a plea of estoppel. A general denial was filed in reply.

The plaintiff had brought certain suits of a similar nature against various persons, and the Wabash had brought a suit to quiet title to all of the lands involved in all of these suits, asserting title in itself to all of the said lands, and, for convenience, this suit resolved itself into a sort of omnibus proceeding having for its object the settlement of the conflicting claims of the parties to

a tract of land about ninety feet in width, lying immediately north of the north line of the Wabash right-of-way, extending entirely across Blocks 8, 9, 10, 11, 12 and 13 of the original town-plat and bounded on the north by the south line of said blocks. Evidence was introduced touching any and all of the tract last above described.

James Happy, who was the owner on April 29, 1853, is admitted to be the common source of title. By *mesne* conveyances Happy's title passed to Shaw, Spurlock, McGinniss, Hughes and Porter, who were the owners on January 2, 1868, when the lands in question and other lands were platted by them as a part of the town of Hardin.

The north sixty feet of this strip above described has been improved by respondent as a street and apparently is not in dispute. That much is apparently conceded to the plaintiff.

The evidence tended to show that for thirty years or more this strip of land had lain unenclosed and had been used as a town common; that the city had built a jail upon it, had authorized the erection of a bandstand thereon; had laid tiling, planted trees, mowed weeds and otherwise exercised control, supervision and management over it. The general public had traveled freely upon it, and upon all parts of it, and up until about 1912 no controversy had arisen concerning the city's right to possession of the entire tract.

Between the south margin of this tract and the rails of the Wabash main track was a strip of ground approximately fifty feet wide, which, by common consent, was regarded as the north half of the Wabash right-of-way. For a great many years various buildings, such as grain elevators, stock-pens and other structures, had been erected and maintained in close proximity to the railroad tracks under leases or permits issued by the Wabash, for which it charged a nominal rental, usually five dollars per annum. Appellant built

and for many years maintained stock-pens which extended into the land in dispute, but these pens were torn away several years ago. It is a mooted point whether these structures, or some of them, were wholly on the right of way, or partly upon it, and partly, or perhaps wholly, upon the land in litigation. It should further be noted that the Wabash constructed and maintained a switch track on the north side of its main line, which, in its course, gradually diverges from the main line, until, in places, it is obviously entirely off of the right of way. Controversy as to this portion of the disputed strip, however, is eliminated by an express avowal of counsel for the city that "the city concedes it [the Wabash] a 100-foot strip for its main track and also that portion of land which it occupies from a side-track and for other legitimate railroad purposes."

Thus, by process of elimination, this general controversy is narrowed down, for all practical purposes, to a question as to the title to a strip of land about thirty feet wide, bounded on the south by the north line of the Wabash right-of-way, and upon the north by a line sixty feet south of the south line of Blocks 7 to 13 as shown upon the town-plat, from the west line of Block 7 to the west line of Block 13, except so much of this 30-foot strip as is occupied by the switch-track above mentioned. The land involved in this particular suit, however, is the small tract hereinbefore described.

I. Appellant complains that the City of Hardin failed to show title to the lands here in question, and that the judgment in favor of the city is therefore erroneous.

**Plat.**

There is in evidence, as shown by the record before us, a plat of the town of Hardin, which is accepted by both sides as having been executed by the owners of the land in question on the 10th day of January, 1868. This plat was recorded on the 29th day of January, 1869. It purports to be a plat of the town of Hardin, and is so treated by the parties. It is attacked by ap-

pellant as so vague as to be void, it is true, but no one doubts, apparently, that by this plat the owners meant to plat some land as a part or all of the town of Hardin. This plat is labeled "Hardin." More than sixteen blocks, appropriately numbered, and divided in numbered lots, are shown upon it. These blocks lie some upon the north and some upon the south side of a railroad, also shown thereon and designated as "West Branch of North Missouri R. R.," which was appellant's corporate predecessor in interest. A strip of ground not divided in blocks or lots, appears upon each side of the railroad so designated. The land here in dispute is obviously a part of the strip lying to the north of the railroad. Streets are shown at regular intervals upon this plat, and the streets running north and south upon the north side of the railroad correspond and would, if extended, unite with the streets running in the same direction, upon the south side of the railroad. All east-and west streets are parallel on both sides of the railroad. These streets are not marked upon any part of the railroad, nor upon the strips of land bordering it. It seems obvious that by this plat the owners meant to lay out certain lands in town lots; to locate appropriate streets and alleys; to designate the location, or anticipated location, of a railroad; to provide for streets both north and south of the railroad and paralleling its right of way, and to dedicate all of such streets to the public use. Otherwise, the action of the owners is unintelligible. The town of Hardin so understood it and so acted upon it during the lifetime of the owners, and has continued to do so ever since. However imperfect this plat may have been as a dedication under the statutes, it, and that which has been done under it, were sufficient at common law to vest title in the town of Hardin to the lands here in controversy, and which are embraced within the plat. We so held in a recent case involving a portion of the same lands here in dispute when this same question was made between the City

of Hardin and Mr. Cunningham, who was a party defendant to this action. We see no reason to change that conclusion. [City of Hardin v. Ferguson, 271 Mo. 410, l. c. 414, 196 S. W. 746, and authorities there cited.] This point is ruled against the appellant.

II. Appellant claims that respondents is estopped to claim the land in dispute for the reason that it has stood by and permitted various individuals, other than appellant, to erect valuable improvements upon the lands in question. It should be borne in mind that the Wabash, alone, appears here as an appellant. It is not claimed that the Wabash is the owner of any of these improvements, except the side-track, which for the reasons stated, is not imperilled in this proceeding. We do not see by what authority the Wabash can here shelter itself behind a plea which might, indeed, under appropriate circumstances, be available to the owners of the buildings which have been built upon the lands in dispute, but which is a plea that the owners alone could set up. Estoppel is available only to him who has been misled to his hurt and to those who are in privity with him. No such privity exists here. [21 C. J. p. 1179.]

*Estoppel.*

There is nothing in this record to show that the appellant has been misled to its hurt by any act of the respondent, and therefore the plea of estoppel avails appellant nothing. [Thompson v. Lindsay, 242 Mo. 53, l. c. 76; DeLashmutt v. Teetor, 261 Mo. 412, l. c. 439 and authorities there cited.]

III. Appellant, as its third and final assignment of error, asserts that ''the language of the dedication as made by Shaw and others'' is void because the description is absurd and impossible.

This dedication, as to the language used, is set out in the brief for appellant and in appellant's answer. We do not find that it was ever introduced in evidence. That fact, if it be a fact, however, is immaterial, for the reason that, irrespective of

*Dedication.*

285 Mo.—30

the language used, the plat, which is in evidence, is when coupled with the facts set forth in paragraph one hereof, sufficient to constitute a common-law dedication under the doctrine of the Ferguson case, supra, and the authorities there cited.

It follows that the judgment below should be affirmed.

It is so ordered. All concur.