TERRITORY OF HAWAII, BY WALTER D. ACKER-
MAN, JR., ITS ATTORNEY GENERAL, *v.* ALA
MOANA GARDENS, LIMITED, BANK OF HA-
WAII, BISHOP NATIONAL BANK OF HAWAII
AT HONOLULU, BISHOP TRUST COMPANY,
LIMITED, CITY AND COUNTY OF HONOLULU,
THE HAWAIIAN ELECTRIC COMPANY, LIMI-
TED, HAWAIIAN TRUST COMPANY, LIMITED,
INSURANCE FACTORS, LIMITED, KAPIOLANI
DRIVE INN, LIMITED, THE LIBERTY BANK OF
HONOLULU, MUTUAL TELEPHONE COMPANY,
PACIFIC INSURANCE COMPANY, LIMITED,
ROYAL CREST APARTMENTS, LIMITED, THE
THOM CO., LTD., H. Y. YOUNG, LIMITED, ISAAC
AOKI, MAE TAKUMI AOKI, HOOK LAN AU,
MERTON BELCHER, PANG YET CHONG, PEI
HUA CHAO, MAY LEE CHAO, MUESEL CHUN,
NAM YEE CHUN, HAROLD BUTT QUON CHUN,
IRENE HEONG LEONG CHUN, EUNICE DERRY
COMSTOCK, ANNIE A. CLARK, DOO WOOK
CHOY, HELEN NAHM CHOY, DAVID OAK SOO
CHOY, MARY CHUNG AI CHOY, VIOLET L.
COOK, KOW YOU COOK, HATTIE AH COOK,
ALFRED KWAI DOON CHING, EDITH TOM
CHING, HENRY CHUN-HOON, SAI CHOW DOO,
D. B. DARLING, TED KUROKU FUJIYOSHI,
YUKIE FUJIYOSHI, JOSEPH WALTER FER-
REIRO, BETSY FERREIRO, LOUIS LYMAN
GOWANS, HELEN TAYLOR GOWANS, KEN-
NETH GETZEMEYER, WINIFRED GETZE-
MEYER, HAROLD TORAO HAMASAKI, JANE
HAMASAKI, YOSHIO HANAO, MARY YOSHIKO
HAMASAKI, SATOYO HAMASAKI, YASUICHI
HAMASAKI, YOSHIO HANO, MARY YOSHIKO
HOSOI, TADASHI HOSOI, ROSALINE KAM YEN

WONG HEE, AKIYOSHI HAYASHIDA, BERNICE HAMAMURA HAYASHIDA, DAN DAISAKU HIRAHARA, KUM YEE HIRAHARA, PHILIP WOOWON HONG, ROSE KIM HONG, GEORGE IWASAKI, NAKA IWASAKI, ERNEST TSU-YOSHI IWANAGA, CHITOSE IWANAGA, JACOB YOU ING, HENRY INN, DUKE P. KAHANA-MOKU, ESTELLE KAN KONG, DORA CHONG AI LEE KONG, YOSHIHARU KONDO, MISAO KONDO, DAVID KANONO KALAUOKALANI, RICHARD KAWEHI KALAUOKALANI, RAY-MOND FAH KONG, HAIG KEOLA KALAUOKA-LANI, GEORGE EICHI KITASHIRO, JANICE YOSHIKO KITASHIRO, HARRY BATES LEN, EDWARD LUM LAU, MARGARET CHOY KYAU LAU, AH CHIN LUM, BEATRICE YOUNG LUM, ROSE KAM HOONG WONG LUM, HELEN LAU LUM, HENRY KAM FOOK LAM, JOSEPH AIONA LOO, SARAH HONG LOO, VICTORINO LA MA-DRID, SR., JOHN IWAO MAMIYA, ELLA TOMOE MAMIYA, WILFRED TAKEO MINATOYA, GER-TRUDE UEMYO MINATOYA, LARRY MEDEI-ROS, TAKEO MORISHIGE, NORIKO MORI-SHIGE, ROBERT MATSUO MORISHIGE, MARY ELLEN KEALOHAPAUOLE PAOA CLARKE, ELAINE KIMIE MORISHIGE, ORISON OI SUN PANG, ESTHER LEE PANG, INEZ SOON KONG PAI, HEIRS OF MALCOLM H. PAOA, JUANITA ELLEN CLARKE PAOA, HENRY K. PAOA, MAILE HELEN ZOLLER PAOA, FREDERICK H. PAOA, MADELYN BARTO PAOA, GILBERT H. PAOA, EDNA KUULEI ALDEN PAOA, MELVIN E. L. PAOA, HELEN K. STERLING, RUDDY FAH TONGG, MASAYUKI TOKIOKA, SIK KUM TSUI, EVELYN ING TSUI, HENRY EN SUE TYAU,

516

ROSE CHAI SIM TYAU, ERNEST YEN YEE TOM, SAMUEL MASAO UYEHARA, MIYOKO UYE-HARA, MASAJI UYEHARA, SHIZUKO UYE-HARA, FATHER H. VALENTIN, KELIIHOALANI PAOA VIERRA, HENRY AWA WONG, CHOCK TONG WONG, BOW SUN WONG, QUON MOI CHING WONG, RICHARD QUAN YAU WONG, ESTHER AU WONG, AH GUN WONG, LILY WONG, KELVIN ENCHOW WONG, DANIEL BENJAMIN WONG, ROBERT HEEN WONG, ANNA AU WONG, UMEMATSU WATADA, YASU NAKAO WATADA, WATARU WATANABE, VIO-LET TAKIKO WATANABE, TOSHIO YASU-MICHI, KAZUYO YASUMICHI, KEM YOUNG, CHANG LIN YEE YOUNG, ALBERT LOOK YI YEE, YET LAN LEN YEE, RILEY LOOK BUN KEE YEE, ELIZABETH SAU WUN CHANG YEE, LUM CHOY YEE, DOROTHY TAM YEE, DON-ALD LOOK YEN YEE, KALFRED LOOK KEE YEE, THELMA KWAI LIN FONG YEE, HEIRS OF QUON MOO YEE, DAVID CHINSURK YOUTH, RUTH BUCHUN YOUTH, TAKEO YOSHIKAWA, OR THE HEIRS, SUCCESSORS AND/OR AS-SIGNS OF THE ABOVE LISTED DEFENDANTS, JOHN DOE 1 TO JOHN DOE 100, INCLUSIVE, MARY ROE 1 TO MARY ROE 100, INCLUSIVE, DOE CORPORATION 1 TO DOE CORPORATION 100, INCLUSIVE, WHOSE NAMES ARE UN-KNOWN, TOGETHER WITH ANY OTHER PER-SONS, COMPANIES, AND CORPORATIONS, HEREIN, HAVING OR CLAIMING ANY RIGHT, ESTATE, LIEN, ENCUMBRANCE INTO OR UPON THE LANDS DESCRIBED IN THE PETI-TION HEREIN AS UNKNOWN OWNERS.

NO. 2843.

ARGUED JULY 11, 1952.          DECIDED SEPTEMBER 10, 1952.

TOWSE, C. J., LE BARON AND STAINBACK, JJ.

OPINION OF THE COURT BY STAINBACK, J.

The Territory instituted proceedings in eminent domain to condemn for a public highway certain land owned by the defendants situated in Waikiki, on Kalakaua avenue, Honolulu, containing an area of 35,933 square feet; a building used as a restaurant was situated thereon. The land was part of a land-court subdivision covered by owner's certificate of title registered in the office of the land court.

The lots owned by defendants had been set aside for road purposes by a voluntary subdivision of the former owners of the land and registered in the land court. The land-court subdivision maps dated January 16, 1941 and December 1, 1941, respectively, show the lots owned by defendants as a roadway and proposed street. The master plan adopted September 17, 1942, after notice to the owners and lessees, approved the street layout.

The defendants purchased this land in 1946 for the price of $35,000; this included a building thereon valued by the defendants at $28,000. The only issue at the hearing was as to the amount to be paid as just compensation and damages for the taking of the property; the witnesses for the Territory testified that the property was of a value of $50,000, the defendants claiming it to be worth $112,000. The jury returned a verdict in the sum of $57,500.

The appellants' contention is that the verdict is so contrary to the weight of the evidence as to show mistake, bias, prejudice or improper motive on the part of the jury and that the verdict is grossly inadequate in view of sales and admitted market value of other similar property in the same locality which had sold for more than five or six times the amount awarded per square foot.

It is true certain of the witnesses for plaintiff in placing the market value upon the land seemed to take into consideration the blighting effect of the so-called master plan; however, no objection was made to this evidence nor was there any motion to strike the testimony because of not using the proper elements in determining value. Furthermore, the court instructed the jury as follows: "The court instructs the jury that a Master Plan is merely an expression of an intention on the part of the government to take the land in the future when the occasion arises for opening the projected street as a public way; it does not take any right, title or interest from the owner of the property in-

cluded within the proposed streets as shown on the map and does not create a lien in favor of the government." Moreover, it appears that certain of the witnesses for the plaintiff did base their valuation upon the fact that the lots under this encumbrance, that is, an easement for the roadway and proposed street, was subservient to the remaining back lots and rendered the subservient land to a large extent of little value as the defendants could be forced at any time to vacate the building which was situated upon this roadway, and that the small price which the defendants had paid in 1946 in comparison to the valuation of adjoining properties was based upon this fact.

Obviously the City and County could not by filing a plan affect the value of the land sought to be condemned or diminish the amount which the defendants should receive. In deciding that the recording of a map showing proposed highways in the District of Columbia did not take away any interest of the landowners, the court stated in *Bauman* v. *Ross,* 167 U. S. 548: "The object of the recording of the map is to give notice to all persons of the system of highways proposed to be established by subsequent proceedings of condemnation. It does not restrict in any way the use or improvement of lands by their owners before the commencement of proceedings for condemnation of lands for such highways, nor does it limit the damages to be awarded in such proceedings."

There are numerous decisions to a similar effect. For example, in *Moale* v. *Baltimore,* 5 Md. 314, the court held that the platting of a highway does not deprive the owner of any of his interest therein and that he and those claiming under him are entitled to compensation when the street is opened precisely as though the street had never been so designated. It will be noted that in the present case the court instructed the jury to this effect.

In *Erie R. Co.* v. *Passaic,* 79 N. J. L. 19, 21, 74 Atl. 338,

in pointing out that the location of proposed streets on a map under statutory authority makes no actual streets, the court stated: "Nor can it be said that the making of the map was a dedication which the city might afterwards accept; the map is made by the city authorities themselves, and *they* are without right to dedicate land that belongs to *others*." (Emphasis added.)

However, in the present case the dedication for said purposes was made by the then *owners*, recorded on the land-court map, and became binding on all subsequent owners. The statute regarding land registration makes clear provision for this. (R. L. H. 1945, §§ 6638, 12641, 12644.) Its dedication was approved by the city planning commission in its plans for the development of Waikiki.

That such maps and plans duly recorded and the sale of lots based on these plans constitute a dedication, particularly when adopted by public officials, is well settled; nor need the streets dedicated by such plat for sale be opened immediately but may be opened by the proper local authorities at such time as the public interest may require, and of this the local authorities are the judges. (Elliott, *Roads and Streets,* 4th ed., vol. 1, §§ 128, 129.)

*Broocks* v. *Muirhead,* 25 S. E. (2d) 889, held that where an owner has land subdivided and platted into lots, streets and alleys, and sells lots or any of them with reference to the plat, he thereby "dedicates" streets and alleys irrespective of whether it has been opened and accepted for public use by the governing body of the city.

*Clark* v. *Ferguson,* 144 S. W. (2d) 116, holds that where the plat has been approved by the city council and recorded, there is a dedication to the public use which cannot be subsequently changed by the owner.

*Morrow* v. *Richardson,* 128 S. W. (2d) 560, holds that the laying out of a subdivision and the recording of the plat thereof showing the land divided into building lots and

streets, followed by the sale of lots, amounts to an immediate dedication of such streets to the use of the purchasers of the lots and of the public, though the streets were not actually opened and there had been no formal acceptance by the city.

In the case before us there was a dedication by the former owners and approval by the city and county planning commission though there was delay in carrying out the proposed street improvements, as all improvements were delayed by the war.

When a fee is subject to easement and is taken for highway purposes, market value must be determined accordingly.

The owner had a structure on the property which was bringing him an income but it was subject to be terminated at any time that the lands were improved for street purposes in accordance with the dedication made by the owners.

"Where the fee of a strip in private ownership is subject to private street easements and such strip is taken for the purposes of a public highway the prevailing view is that such fee owner is entitled to nominal damages only, although there is authority to the effect that such fee owner is entitled to substantial damages measured by the value of the fee as burdened with the easement." (Nichols, *Eminent Domain*, 3d ed., vol. 4, § 12.411, p. 160.)

"Ordinarily, land in the bed of a street, being a naked, unproductive fee, useless, bereft of enjoyment and incapable of pecuniary advantage, its owner is entitled to no more than a nominal award." (*Matter of City of New York*, 278 N. Y. 163, 173.)

There is ample evidence to sustain the finding of the verdict of the jury; in fact, except for the testimony of the Territory's own witnesses it would seem that the jury might well have been justified in finding little more than

nominal value for the lots in question subjected as they were to the existing easement for street purposes. In fact, the reason for the very low price paid by defendants in 1946 (a fraction of the price of adjoining lands) was because of this encumbrance.

Judgment affirmed.

*J. J. Uehara* (also on the briefs) for plaintiffs in error.

*H. Edmondson,* Special Deputy Attorney General (also on the brief), for defendant in error.